20299

Shirley E. MAYS, Respondent-Appellant, v. Robert C. MAYS, III, Appellant-Respondent.

(229 S. E. (2d) 725)

*Messrs. West, Bendorf, Cooper and Bowen,* of Camden, for Respondent-Appellant,

*Messrs. Blease, Griffith and Stone,* of Newberry, and *Savage, Royall, Kinard and Sheheen,* of Camden, *for Appellant-Respondent,*

October 28, 1976.

GREGORY, Justice:

The respondent-appellant (wife) brought this action for divorce, *a vinculo matrimonii,* against the appellant-respon-

dent (husband) on the ground of physical cruelty. In her complaint she also sought custody of Robert C. Mays, IV, an infant son born of the marriage, support for the child and alimony for herself, fees for her attorney and a restraining order.

The husband answered the complaint denying the wife was entitled to a divorce on the ground claimed. By way of counterclaim he sought a divorce, *a vinculo matrimonii,* from the wife on the ground of adultery and the custody of the infant son.

The case was heard by the Honorable Frank E. Rector, Judge of the Family Court for Kershaw County. After three hearings and voluminous testimony Judge Rector issued his decree granting the wife a divorce, *a vinculo matrimonii,* custody of and support for the infant son, alimony and attorney's fees. The husband and wife both appeal. We affirm the decree with respect to the granting of a divorce, *a vinculo matrimonii,* and child custody but reverse for inadequacy and remand as to support, alimony and attorney's fees.

The husband contends the wife was not entitled to a divorce, alimony, attorney's fees or custody of their child. We have examined the exceptions with respect to these contentions and in light of the testimony find them manifestly without merit. Since review of them is of no precedential value, reveals no legal error, and grants appellant-respondent no relief while exposing all concerned to needless embarrassment, we dismiss his exceptions pertaining to grant of divorce, attorney's fees, and custody under Supreme Court Rule 23.

The husband further contends that the court erred in excluding a tape recording of a telephone conversation sought to be introduced into evidence for the purpose of impeaching by prior inconsistent statements the credibility of a witness testifying for the wife. The husband's private investigator duly qualified the tape by testifying she had called the

subject witness and recorded their conversation. She testified the tape had a safety device precluding any alteration, that the tape conversation was authentic and correct, that the tape had been in her exclusive custody since being recorded, and that she recognized the voices on the tape as being hers and that of the witness sought to be impeached.

Impeachment of a witness by showing prior statements inconsistent or contradictory of his trial testimony is permisssible. *State v. Williams,* 222 S. C. 354, 72 S. E. (2d) 830 (1952); *Martin v. Dunlap,* 266 S. C. 230, 222 S. E. (2d) 8 (1976). Such impeachment evidence need not be excluded because it was secured by electronic eavesdropping. *Lopez v. U. S.,* 373 U. S. 427, 83 S. Ct. 1381, 10 L. Ed. 462 (1963). 18 U. S. C. A., Section 2511(2)(d) makes it clear that one party to a telephone conversation may lawfully tape the conversation without the other's knowledge or permission and subsequently disclose it. See *Smith v. Wunker,* 356 F. Supp. 44 (D. C. Ohio 1972); *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168 (1950).

Although the court erred in excluding the taped conversations such error was not sufficiently prejudicial to the husband's case to afford him any relief. The witness was introduced by the wife to show she was a fit mother. Appellant-respondent sought on cross-examination to show a relationship between the wife and an alleged paramour. In essence, the husband sought to rebut the testimony of his wife that she did not know the alleged paramour by impeaching the credibility of the wife's character witness who testified that although she knew the alleged paramour the wife did not. Impeachment of this witness would not have proven the wife's knowledge of the alleged paramour and certainly not an adulterous relationship with him. In light of the husband's failure to prove any acts of unfitness of the wife to care for the child, the impeachment of this witness's testimony regarding her fitness, would likewise have achieved nothing.

The wife, respondent-appellant, appeals the insufficiency of the alimony, child support, and attorney's fees. She contends that Two Hundred ($200.00) Dollars per month as child support plus medical expenses in excess of Fifteen ($15.00) Dollars per month and payment of the first and second mortgages on the house and car payments is grossly inadequate support from a husband whose annual income is approximately Forty Thousand ($40,000.00) Dollars a year. It is apparent that such an award is inadequate to maintain the wife and child in a manner and style to which they have been accustomed. It merely provides a roof for their heads and minimal support for the child, although the husband expressed an intention to send the child to private school in the event he were awarded custody. There are no provisions for needs of the mother who has custody of the infant son and children from a previous marriage. She has no job and the record indicates she has just started college. She testified that her expenses for maintaining her household are approximately One Thousand ($1,000.00) Dollars per month.

The record reflects that the husband is the senior partner of a four man law firm engaged mainly in corporate and estate planning and taxation. He estimated his share of partnership earnings to be a gross maximum of Thirty-Five Thousand ($35,000.00) Dollars. He must pay taxes and Two Hundred ($200.00) Dollars a month child support for his child of a former marriage. He resides with his mother and has minimal living expenses.

A review of the entire record convinces us that the alimony is not in keeping with the husband's ability to pay and the needs of the wife. We find an abuse of discretion in the alimony award. As this issue is re-evaluated, the court should keep in mind that the wife has a young family to raise, that she is unemployed, and that she needs sufficient temporary backing to continue her education or otherwise prepare herself to become self-supporting.

On the question of attorney's fees, we conclude that an award of Five Hundred ($500.00) Dollars was, likewise, an abuse of discretion on the part of the lower court. The wife's counsel testified that prior to the September 15, 1975 hearing he had expended twenty-nine (29) hours in preparation of the case for trial and in attendance at the August 20 hearing. A third hearing was had October 16, 1975.

The voluminous record of the case reflects substantial time spent by all attorneys involved. The husband, an accomplished attorney in his own right, employed two other vary reputable firms to assist in his defense. Every issue was hotly contested.

The record reflects that the husband expended Five Thousand ($5,000.00) Dollars for detectives alone, who produced nothing of value to his defense or counterclaim for child custody.

We find it patently inequitable that counsel for the prevailing party should be awarded only Five Hundred ($500-.00) Dollars in view of the nature, extent, difficulty of the case, time devoted, professional standing of counsel and beneficial results obtained by him. *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974), and especially in view of the substantial sum the husband was able to pay his private investigators.

The wife's third assignment of error concerns the lower court's failure to issue an injunction against the husband. She did not request one prior to the trial of the case upon advice of counsel. Although the record reveals much turmoil between the parties, this Court assumes that the final adjudication of the divorce will end the harassment by the husband entailed in preparing his defense and counterclaim for divorce from the wife. As an attorney and an officer of the Courts of this State, we can expect no less from the husband. We see no error in the trial court's denial of the injunction.

Affirmed in part, reversed in part and remanded for further proceedings in accordance with the views expressed herein with respect to alimony, support and attorney's fees.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.