22060

The STATE, Respondent, v. Clarence BURRISS, Jr., Appellant.

(314 S. E. (2d) 316)

Supreme Court

48

*T. Travis Medlock, Atty. Gen.,* and *Harold M. Coombs, Jr., Asst. Atty. Gen.,* Columbia and *George M. Ducworth, County Sol., Tenth Judicial Circuit,* Anderson, *for respondent.*

*William Isaac Diggs, Asst. Appellate Defender,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

Heard Jan. 11, 1984.

Decided March 20, 1984.

LITTLEJOHN, Justice:

Appellant was convicted of shoplifting in violation of South Carolina Code Section 16-13-110 (Cum. Supp. 1982). We affirm.

The Appellant has not made the evidence submitted to the trial court a part of the record but from argument of State's counsel (which is printed) and which was not objected to it is apparent that there was evidence that the Appellant took a stack of cartons of Winston cigarettes from the shelves of a store where they were displayed and placed them in a dog food bag. He was then seen leaving the store. The bag had been ripped open and dumped of its dog food contents. The Appellant did not testify. The judge gave the jury our traditional charge to the effect that failure to testify does not create an inference of guilt and does not relieve the State of the responsibility of proving guilt beyond a reasonable doubt.

Appellant's exceptions raise an issue of the constitutionality of Section 16-13-120, South Carolina Code Ann. (1976) and its application to the charge of the law.

The relevant sections of the Code are as follows:

Section 16-13-110. Shoplifting.
A person is guilty of shoplifting if he:

(1) Takes possession of, carries away, transfers from one person to another or from one area of a store or other retail mercantile establishment to another area, or causes to be carried away or transferred any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment *with the intention* of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value.

. . . .

(3) Transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in which it is displayed to any other container *with intent* to deprive the merchant of the full retail value. (Emphasis added).

Section 16-13-120. Shoplifting; presumptions from concealment of unpurchased goods.

Any person wilfully concealing unpurchased goods or merchandise of any store or other mercantile establishment either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such article with the intention of converting it to his own use without paying the purchase price thereof within the meaning of § 16-13-110, and the finding of such unpurchased goods or merchandise concealed upon such person or among the belongings of such person shall be prima facie evidence of wilful concealment. If such person conceals or causes to be concealed such unpurchased goods or merchandise upon the person or among the belongings of another, the finding of such unpurchased goods or merchandise shall also be prima facie evidence of wilful concealment on the part of the person so concealing such goods.

Section 16-13-120 relates only to the matter of proof. It is abundantly clear that one may be convicted of shoplifting without regard to this section, and proof of guilt may be by direct evidence or circumstantial evidence or a combination of the two. Intent is an element of the crime of shoplifting as indicated in the statute quoted above. The trial judge refused to hold that Section 16-13-120 was unconstitutional but did not read it to the jury.

In determining whether by his charge the judge relieved the State of its burden of proof and/or shifted the burden of proof to the accused, we give consideration to the charge in its entirety. He told the jury:

> ... no matter how serious the charge may be against him, is presumed to be innocent of the charge unless you the jury is satisfied of his guilt beyond any reasonable doubt.

He then gave the traditional charge on circumstantial evidence to which no objection has been raised, and then stated:

> Again, I tell you though, you have to be satisfied and the State would have to prove to you beyond any reasonable doubt that Clarence Burriss, Jr. did indeed conceal the goods and that he did it with the intention of depriving Ingles Supermarket of those goods without paying the full retail value or the purchase price thereof.
>
> And, if you are satisfied of those facts beyond any reasonable doubt, then and only then should you find him guilty. If the State has not convinced you of any of those elements beyond any reasonable doubt, then it would be your duty to find him not guilty.
>
> . . . .
> ... all of the responsibility lies on the State to prove his guilt beyond any reasonable doubt.
>
> He has no burden of proving himself innocent under our law.

The only mention of any presumption in the judge's charge is as follows:

> Now, ladies and gentlemen, one of the circumstances that a jury can consider in our law and I have charged you already about circumstantial evidence, one of the circumstances that you may consider is something that our legislature recognized and passed in Section 16-13-120. This circumstance says that if you find that a person wilfully conceals unpurchased goods either on the premises or outside of the premises, this is a circumstance that would give rise to what we call a prima facie presumption that that person was concealing the article with the

intention of converting it to his own use without paying the purchase price. In other words, it is against the law. It is made unlawful to conceal unpurchased goods.

We are of the opinion that the charge when considered as a whole did not deprive the accused of any constitutional right. It did not amount to a charge that the presumption was conclusive nor did it shift the burden of persuasion. The burden of proof remained with the State throughout.

While the trial judge should have held Section 16-13-120 unconstitutional, failure to do so simply was not prejudicial to the accused. In *Sandstrom v. Montana*, 442 U. S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979), the Supreme Court of the United States held that the defendant's Fourteenth Amendment due process rights were violated by a jury instruction on the issue of intent. The judge instructed that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The court held that "Sandstrom's jury may have interpreted the judge's instruction as constituting either a burden shifting presumption . . . or a conclusive presumption [and] either interpretation would have deprived defendant of his right to the due process of law."

When applying *Sandstrom* to determine whether due process rights have been violated, courts must examine the jury charge as a whole to determine whether there has been prejudice. *Cupp v. Naughten*, 414 U. S. 141, 94 S. Ct. 396, 38 L. Ed. (2d) 368 (1973). *See also State v. Adams*, 275 S. C. 108, 267 S. E. (2d) 538 (1980).

It follows that hereafter trial judges should not charge Section 16-13-120 which is hereby declared unconstitutional. When facts referred to in this Code Section are proved, the same should be considered along with all other circumstantial and/or other direct evidence.

Having found the exceptions without merit the conviction and sentence is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.