22065

The STATE, Respondent, v. David Wesley LEWELLYN, Appellant.

(314 S. E. (2d) 326)

Supreme Court

*Asst. Appellate Defender William Isaac Diggs*, of *S. C. Commission of Appellate Defense*, Columbia, and *John T. Taylor*, Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Carolyn M. Adams*, Columbia; and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard March 5, 1984.

Decided March 23, 1984.

LITTLEJOHN, Justice:

A jury convicted Appellant of malicious injury to real property for having driven his car into a residence. He appeals, asserting (1) that the trial judge erred in denying his motion for a continuance to obtain a witness and (2) that the trial judge erred in his charge to the jury by lessening the State's burden of proof and by shifting the burden of persuasion to Appellant to rebut a presumption. We reverse.

Malice is an element of the offense of malicious injury to real property. S. C. Code Ann. Section 16-11-520 (Supp. 1983). That section makes one guilty if he "... wilfully, unlawfully, and maliciously cut, mutilate, deface or otherwise injure any ... house. ..." The State must prove the malicious element beyond a reasonable doubt. The burden of proof is not on the accused person. The trial judge charged the jury that "... malice is a term of art implying wickedness and excluding a just cause or excuse. It may be implied from an unlawful act, wilfully done, until the contrary be proved." This charge is not inconsistent with traditional charges heretofore used in this State. *State v. Weeks*, 185 S. C. 277, 194 S. E. 12 (1937).

More recently, courts including our own, agree that a presumption must not shift the burden of proof to the person on trial. The jury could have reasonably understood the trial judge's charge to require either that the accused person prove that he did the act without malice or that he disprove the

implication of malice. This was error and a new trial must be held. *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983); *State v. Cooper*, 279 S. C. 301, 306 S. E. (2d) 598 (1983).

The trial bench is reminded that the proper charge on implied malice is that suggested in *Elmore* or *State v. Mattison*, 276 S. C. 235, 277 S. E. (2d) 598 (1981). These charges do not use the expressions "rebuttable," "reasonable explanation" or "unless the contrary be proved."

Inasmuch as a new trial is ordered, the other issue need not be discussed.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.