22119

The STATE, Respondent, v. James Sherrod WELLS, Appellant.

(316 S. E. (2d) 409)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling* and *Public Defender Ellen Shapiro*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Sr. Asst. Atty. Gen. Brian P. Gibbes, Sol. James C. Anders*, Columbia, *for respondent.*

May 29, 1984.

LEWIS, Chief Justice:

Appellant was convicted of shoplifting in violation of Section 16-13-110, South Carolina Code of Laws, 1976, as amended, in that he had concealed on his person unpurchased merchandise of the Saluda Avenue Wine and Liquor Shop, Columbia, South Carolina. The essence of the charge was that appellant had willfully concealed on his person the merchandise in question with the intention of depriving the merchant of the possession thereof without paying the retail price. Appellant seeks to have his conviction and sentence reversed because of alleged error in the charge to the jury.

The trial judge instructed the jury, in accord with Code Section 16-13-120; that finding unpurchased merchandise concealed upon a person "shall be *prima facie*, that is, presumptively, evidence of the willful concealment" of the merchandise, and that such concealment would be "prima facie evidence of shoplifting;" but refused appellant's request "for further elaboration of the meaning of presumptive evidence and a prima facie showing."

Specifically, appellant requested an instruction "that concealment itself is simply a prima facie showing which can be rebutted by other evidence and other testimony" and "by their [the jury's] analysis of the facts and by other testimony concerning the circumstances surrounding the concealment." In refusing the requested instructions, the trial judge was of the opinion that, since appellant introduced no testimony,

there was no evidence to rebut the presumption and, therefore, no necessity to instruct the jury that the presumption was rebuttable.

The trial judge, in substance, instructed the jury that, where a customer in a store conceals merchandise, a presumption arises that it was a willful concealment, that is, for the purpose of converting the item to his own use without paying for the same. This alleged presumption related to a basic element of the crime charged. Under these instructions, the jury may have interpreted the presumption as conclusive or as shifting the burden of persuasion. In either event, its effect was to deprive appellant of his right to due process of law. *Sandstrom v. Montana*, 442 U. S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39.

The fact that appellant offered no testimony does not alter the probable prejudicial effect of the instructions. Appellant was entitled to have the jury determine the question of concealment and the inferences to be drawn therefrom in the light of all the attendant circumstances, including the interpretation and weight to be accorded the State's testimony.

We call attention to the fact that we recently held in *State v. Burriss*, 314 S. E. (2d) 316, Opinion No. 22060, filed March 20, 1984 (subsequent to the trial in this case) that Code Section 16-13-120, *supra*, is unconstitutional and cautioned the trial judges to thereafter refrain from charging the provisions of that section.

The judgment is accordingly reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.