22381

The STATE, Respondent, v. Mose PETERSON, III, and Craig Anthony
Stubbs, Appellant.

(335 S. E. (2d) 800)

Supreme Court

*Chief Atty. William Isaac Diggs,* of *S. C. Office of Appellate Defense,* Columbia, *George G. Reaves,* and *David W. Keller, Jr.,* Florence, *for appellant Stubbs.*

*David I. Bruck, S. C. Office of Appellate Defense,* Columbia, *E. N. Zeigler,* and *Kevin M. Barth,* Florence, *for appellant Peterson.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Sept. 23, 1985.

Decided Oct. 14, 1985.

*Per Curiam:*

The appellants, Mose Peterson, III, and Craig Anthony Stubbs, were convicted of murder, armed robbery, grand larceny of a motor vehicle, and conspiracy. Both appellants received the death sentence. This case consolidates the appellants' direct appeals and the mandatory review of their sentences pursuant to S. C. Code Ann. § 16-3-25 (Law. Co-op. 1976). Due to the collective impact of numerous errors committed by the trial court, we reverse and remand for a new trial.

Appellant Stubbs contends that the trial court erred by (1) failing to give a limiting instruction regarding the use of his prior convictions. Both appellants contend that the trial court erred by (2) giving the jury an erroneous conspiracy charge; (3) giving the jury an erroneous malice charge; (4)

failing to instruct the jury to determine each appellant's individual culpability before imposing the death penalty; and (5) failing to instruct the jury to disregard the possibility of parole.

Some, if not all, of these arguments have some merit. The combination of numerous errors committed by the trial court in this death penalty case compels us to reverse and remand for a new trial. Since a new trial will be held, we feel it is worthwhile to make the following observations.

## GUILT PHASE

### Appellant's Prior Convictions

Evidence of appellant Stubbs' prior convictions was introduced during the guilt phase of the trial. In a criminal prosecution, proof of prior convictions is admissible for the limited purpose of impeachment. *State v. McFarlane*, 279 S. C. 327, 306 S. E. (2d) 611 (1983); *State v. Yates*, 280 S. C. 29, 310 S. E. (2d) 805 (1982); *State v. Van Williams*, 212 S. C. 110, 46 S. E. (2d) 665 (1948). The trial judge failed to instruct the jury that the prior convictions could not be used as evidence of appellant's guilt in the instant case. Even though the appellant failed to request this instruction, this Court has held that it will review the record for error *in favorem vitae* in a capital case. *State v. Patterson*, 278 S. C. 319, 295 S. E. (2d) 264 (1982).

### Conspiracy Charge

The trial judge's charge was a correct statement of the general law of this jurisdiction concerning accomplice liability. *See State v. Crowe*, 258 S. C. 258, 188 S. E. (2d) 379 (1972); *State v. Woods*, 189 S. C. 281, 1 S. E. (2d) 190 (1939). In the present case, however, the jury reasonably could have found that the murder was not the natural or probable consequence of the larceny of a motor vehicle. Had the jury determined that either appellant conspired only to commit an unarmed larceny of a car, and had it further concluded that the state failed to establish beyond a reasonable doubt that a homicide was the natural or probable consequence of a plan to steal the victim's car, the appellant

would have been entitled to an acquittal on the charge of murder.

It was therefore essential under the facts and circumstances of this case that the jury be instructed that it had to find that the homicide was a natural or probable consequence of the acts actually agreed on by the appellant before the law would hold him responsible for such a homicide. The failure of the trial judge to so instruct was error because it permitted the jury to convict an appellant of murder merely by finding (1) that appellant had combined with another to commit the non-life threatening crime of grand larceny of a motor vehicle and (2) that appellant's accomplice thereafter took a life without appellant's prior knowledge, approval, or assistance.

## Malice Charge

Instructions which constitute either a burden shifting presumption or a conclusive presumption are unconstitutional. *Francis v. Franklin*, ___ U.S. ___, 105 S. Ct. 1965, 85 L. Ed. (2d) 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979). The malice charge given in the case at bar was clearly erroneous. It used the terms "presumption," "rebuttable," and "implied and presumed" at least nine times. Every judge in South Carolina should delete from their malice charges all phrases denoting a presumption or a rebuttable presumption. These constitutionally infirm phrases should be replaced with terms such as "might infer" or "may be presumed" which denote a permissive inference. The judge should make it clear to the jury that it is free to accept or reject these permissive inferences depending on its view of the evidence. *State v. Woods*, 282 S. C. 18, 316 S. E. (2d) 673 (1984); *State v. Lewellyn*, 281 S. C. 199, 314 S. E. (2d) 326 (1984); *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983).

In *State v. Elmore, supra*, this Court set forth an exemplary malice charge. It was noted in *State v. Lewellyn, supra*, that the *Elmore* charge omitted words such as "rebuttable," "reasonable explanation," or "unless the contrary be proved." Even though the *Elmore* charge dealt only with the prohibition of a presumption of malice from the use of a deadly weapon, the principle behind the case likewise pro-

hibits the presumption of malice from the intentional doing of an unlawful act.

In the present case, the trial judge followed the erroneous instructions with the *Elmore* charge. Instead of replacing the unconstitutional malice charge, the *Elmore* charge was simply added to the end of the charge. Merely superimposing correct instructions over erroneous ones serves only to foster prejudice and confusion. *State v. Adams*, 277 S. C. 115, 283 S. E. (2d) 582 (1981).

Since this case has been reversed, it is not necessary for this Court to determine if the erroneous malice instructions would have been harmless error in the present case.

## SENTENCING PHASE

### Appellants' Individual Culpability

In *Enmund v. Florida*, 458 U. S. 782, 102 S. Ct. 3368, 73 L. Ed. (2d) 1140 (1982) the United States Supreme Court held that the Eighth and Fourteenth Amendments forbid imposition of the death penalty upon an individual who did not personally take life, attempt to take life, or intend that life be taken. During the penalty phase of death penalty cases which involve conspiracy liability, the trial judge should charge that the death penalty cannot be imposed on an individual who aids and abets in a crime in the course of which a murder is committed by others, but who did not himself kill, attempt to kill, or intend that a killing take place or that lethal force be used.

### Jury's Consideration of Parole Eligibility

The jury, while deliberating during the sentencing phase of the trial, asked the judge if one of its choices was life without parole. The judge responded that the jury must choose between death by electrocution or life imprisonment. He stated that life without parole was not one of the choices under our statutes.

The correct response, which the trial court should have given, was recently reiterated in *State v. Norris*, 328 S. E. (2d) 339 (S. C. 1985):

When the issue [of parole] is raised, the Court should instruct the jury that it shall not consider parole eligi-

bility in reaching its decision, and that the terms "life imprisonment" and "death sentence" should be understood in their ordinary and plain meaning.

Appellants have raised other exceptions, but it is not necessary that we reach them since this case is

Reversed and remanded.