**William Gibbs HYMAN, Appellant,**

v.

**James AIKEN, Warden, CCI, and Travis Medlock, Attorney General, State of South Carolina, Appellees.**

No. 85–4002.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 9, 1985.

Decided Nov. 25, 1985.

Coming B. Gibbs, Jr. (Gibbs & Holmes, Ann M. Stirling, Charleston, S.C., on brief), for appellant.

Donald J. Zelenka, Chief Deputy Atty. Gen. (T. Travis Medlock, Atty. Gen., Columbia, S.C., on brief), for appellees.

Before RUSSELL and SNEEDEN, Circuit Judges and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

William Gibbs Hyman appeals the district court's denial of his petition for a writ of habeas corpus. Hyman was convicted by a South Carolina jury of armed robbery and murder. In the second phase of the proceedings, the jury recommended that he be sentenced to death, and the trial judge accepted this recommendation. The judgment was affirmed in *State v. Hyman*, 276 S.C. 559, 281 S.E.2d 209 (1981), *cert. denied* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). Hyman then sought postconviction relief, which was denied after an evidentiary hearing. The South Carolina Supreme Court, in an unpublished order, and the United States Supreme Court denied Hyman's petitions for certiorari. *Hyman v. South Carolina*, 466 U.S. 963, 104 S.Ct. 2182, 80 L.Ed.2d 563 (1984). Hyman then filed a petition for a writ of habeas corpus in the federal district court. The magistrate to whom the petition was referred recommended that the writ should issue. The district court sustained the state's objections to the magistrate's report and denied the writ. *Hyman v. Aiken*, 606 F.Supp. 1046 (D.S.C.1985).

In South Carolina, capital cases are tried in two stages. The first is on the issue of guilt or innocence, and the second is on the issue of punishment, utilizing the same jury. *See* S.C.Code Ann. § 16–3–20. We conclude that the judgment of the district court must be vacated because of error in the instructions pertaining to punishment. We find no error warranting reversal in the guilt phase of the trial.

I

The facts are set out in length in the opinion of the district court. 606 F.Supp. at 1049–50. For purposes of this review, a brief summary will suffice. Hyman and several of his friends robbed two elderly men. In the course of the robbery, one of the victims was killed and the other was badly beaten. Hyman did not testify in the guilt phase of the trial. The evidence was sufficient to establish that Hyman was guilty of murder and robbery.

At the sentencing phase of trial, Hyman testified. He stated that he was intoxicated, that he had a gun because he was looking for his brother-in-law who had beaten his sister, that when he set out with his friends he thought he was going to his brother-in-law's trailer, and that one of his friends drove his car because he was too intoxicated to drive. He stated flatly: "I did not kill the man."

During his summation in the sentencing proceedings, the prosecutor told the jury: "If you find that he did not pull the trigger, you should not recommend the death penalty." The judge's charge on this aspect of the case was not as precise.

After the jury had deliberated about three hours, the foreman inquired: "Do we have to prove that he did the actual killing?" In response, the trial judge again explained South Carolina law pertaining to consideration of aggravating and mitigating circumstances. In the course of his instruction, he stated: "You may return a death sentence if there is a mitigating circumstance present if you find at least one of the aggravating circumstances." He concluded his supplementary charge with the following instruction:

I charged you earlier that a person who aids and assists another in the commission of the offense or who was present at the time and committed the offense, would be equally guilty because under the hand of one, the hand of all theory, a person who commits the offense in concert with others is guilty obviously and anyone who assists the person committing an offense is guilty. But you've passed the question of guilt or innocence. It would be proper for you to consider in matters of mitigation or aggravation obviously whether this Defendant used the weapon or whether he didn't; but I'm not going to get into the facts with you now and try to reach any decision or suggest any opinion I may have as to what your position should be so far as a recommendation of sentence because under our Constitution, I can't comment on the facts....

Within an hour, the jury returned its verdict finding the existence of the following statutory aggravating circumstance: "That murder was committed while in the commission of an armed robbery." It recommended to the court that Hyman be sentenced to death. At neither the guilt phase nor the sentencing phase did the jury specify which of the criminals was the actual killer. It was not required to make a finding on this issue because the court charged that the jury could find Hyman guilty and it could recommend death if he aided and abetted the other criminals.

In *Lockett v. Ohio*, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978), the Court explained that "individualized consideration [is] a constitutional requirement in imposing the death sentence." The Court reiterated its insistence on observance of this precept in *Enmund v. Florida*, 458 U.S. 782, 798, 102 S.Ct. 3368, 3377, 73 L.Ed.2d 1140 (1982). It held that the

eighth and fourteenth amendments prohibited imposition of the death penalty on a criminal who aids and abets a robbery in the course of which a murder is committed unless the criminal killed, attempted to kill, or intended to kill. 458 U.S. at 798 and 801, 102 S.Ct. at 3377 and 3378.

■ The court's supplementary instruction in response to the foreman's question is inconsistent with *Enmund v. Florida.* Having found that murder was committed during an armed robbery, the jury could reasonably conclude that the instruction authorized it to recommend the death sentence even if it found as a mitigating circumstance that Hyman was not personally responsible for the murder. The instruction allowed the jury to recommend a death sentence for Hyman as an aider and abettor whether or not he killed, attempted to kill, or intended to kill the robbery victim.[1] Consequently, the sentence of death imposed on recommendation of an erroneously instructed jury cannot be carried out, and Hyman must be resentenced.

## II

In South Carolina, malice is an element of murder. The trial judge's charge to the jury included the following: "[M]alice is implied, it's presumed from the willful, the deliberate, the intentional doing of an unlawful act without just cause of excuse.... Malice is presumed or implied from the use of a deadly weapon." Hyman claims that this instruction improperly shifted the burden with respect to an element of the crime which the state was required to prove beyond a reasonable doubt.

Recently in *Yates v. Aiken,* —— U.S. ——, 106 S.Ct. 218, 88 L.Ed.2d 216 (1985), the Supreme Court considered an instruction that is indistinguishable from the instruction given in Hyman's case. It vacat-

---

1. The conclusion we reach is consistent with *State v. Peterson,* —— S.C. ——, ——, 335 S.E.2d 800, —— (1985), where the Supreme Court of South Carolina instructed trial courts as follows:

During the penalty phase of death penalty cases which involve conspiracy liability, the

trial judge should charge that the death penalty can not be imposed on an individual who aids and abets in a crime in the course of which a murder is committed by others, but who did not himself kill, attempt to kill, or intend that a killing take place or that lethal force be used.

ed the judgment of the Supreme Court of South Carolina and remanded the case for reconsideration in the light of *Francis v. Franklin*, —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

■ In *Francis*, the Court held an instruction creating a mandatory presumption which relieves the state of the burden of proving an element of an offense violates the due process clause even though the presumption is rebuttable. Although the instruction must be viewed in the context of the entire charge, general instructions pertaining to the burden of proof and the presumption of innocence do not remedy the error. 105 S.Ct. at 1971–73.[2] For the purpose of this opinion, we may assume that the malice instruction given in Hyman's trial was erroneous. It does not follow, however, that Hyman is entitled to the writ on this ground.

In *Fulton v. Warden*, 744 F.2d 1026, 1031–32 (4th Cir.1984), we held that an instruction which unconstitutionally shifted the burden of proof to the defendant did not always require reversal. Instead, in a habeas corpus proceeding, the record should be examined to determine whether the error rendered the trial fundamentally unfair. Hyman does not contend that the murder of the robbery victim was unaccompanied by malice. At the sentencing phase, he flatly denied that he was the killer, and he elaborated on this denial in the postconviction proceedings. Viewed in this context, the erroneous instruction on the presumption of malice did not render the trial fundamentally unfair.

Hyman also contends that his trial counsel were ineffective. The magistrate found that Hyman was denied effective assistance of counsel. The district court did not accept this finding. Nevertheless, the magistrate and the district court agreed that Hyman had failed to establish prejudice because of his counsel's representation. On this issue, they relied on *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), where the Court stated: "[T]he defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

■ Hyman's most serious charges against his trial counsel involved the deficiencies that he perceives in their conduct of the sentencing phase of his case. Our conclusion that the sentence of death was improperly imposed renders the issue of incompetency at this phase of the proceedings moot.

■ With respect to the issue of incompetency of counsel at the guilt phase of the proceedings, we agree for reasons adequately stated by the district judge and the magistrate that the representation which Hyman received did not deprive him of a fair trial. On the issue of guilt, the result of the trial was reliable. 606 F.Supp. at 1063–74.

The judgment of the district court is vacated, and this case is remanded with instructions to grant Hyman a writ of habeas corpus unless within a reasonable time the state resentences him in proceedings that conform with the eighth and the fourteenth amendments. The order of the district court should not otherwise disturb the judgment of conviction.

VACATED AND REMANDED.

---

**2.** The Supreme Court of South Carolina has now directed that "[e]very judge in South Carolina should delete from their malice charges all phrases denoting a presumption or a rebuttable presumption." *State v. Peterson*, —— S.C. ——, ——, 335 S.E.2d 800, —— (1985).