23960

Michael TAYLOR, Petitioner v. STATE of South Carolina, Respondent.

(439 S.E. (2d) 820)

Supreme Court

*Wanda H. Haile, Asst. Appellate Defender,* Columbia, *for petitioner.*

*T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Chief Deputy Atty. Gen.,* and *Miller W. Shealy, Jr., Asst Atty. Gen.,* Columbia, *for respondent.*

Submitted Sept. 22, 1993.

Decided Dec. 20, 1993.

## ORDER

Dec. 15, 1993

*Michael Taylor v. State of South Carolina,* Op. No. 23960 (S.C. Sup. Ct. filed December 6, 1993) (Davis Adv. Sh. No. 29

at 35) is hereby substituted by the opinion which follows this order. The following change has been made in the original opinion:

[Editor's Note: Changes incorporated into the published opinion.]

IT IS SO ORDERED.

/s/ William T. Howell, C.J.
/s/ A. Lee Chandler, A.J.
/s/ Ernest A. Finney, Jr., A.J.
/s/ Jean H. Toal, A.J.
/s/ James E. Moore, A.J.

TOAL, Justice:

Petitioner claims the circuit court judge erred in finding harmless error where Petitioner's attorney failed to object to an unconstitutional jury charge which shifted the burden of proof from the State to the Petitioner. We agree and REVERSE.

## FACTS

In February 1989, Michael Taylor ("Petitioner") was convicted of unlawful possession of a firearm, possession with the intent to distribute crack cocaine, and possession with the intent to distribute marijuana. On direct appeal, Petitioner claimed that the trial judge impermissibly shifted the burden of proof from the State to the Petitioner. This Court affirmed the convictions on direct appeal in *State v. Taylor*, Memo. Op. 91-MO-03 (filed January 14, 1991) (error not properly preserved).

Petitioner filed for Post Conviction Relief, claiming that trial counsel was ineffective for failing to object to the jury charge. The Post Conviction Relief judge found the jury charge was error, but held the error was harmless.

## LAW/ANALYSIS

The trial judge charged the jury as follows:

The State must not only prove possession of the controlled substance by the defendant but the State must also establish by direct measure of proof that the defen-

dant possessed the controlled substance with the intent to distribute.

Intent to distribute the controlled substance is an essential element of the offense.

Intent is defined as a purpose or aim or design, and in law it is the state of a person's mind which directs his actions towards the specific object.

\* \* \* \* \*

I charge you that Subsection 3(D) of Section 44-53-370D(3) of the 1976 Code of Laws as Amended reads as follows:

> Possession of more than one gram of crack cocaine or 28 grams of marijuana gives rise to an inference that the person possessing that amount is guilty.

This inference of guilt is not conclusive and as a result [sic] *rebuttable presumption* is when all the evidence in is for you, the jury, to determine whether or not the defendant is guilty or not guilty.

\* \* \* \* \*

Even where the State establishes a prima facie case, the burden of proof in a criminal case does not shift for *the accused is only required to overcome the inferences the State has established.*

We agree with the Post Conviction Relief judge in that the jury charge given by the trial judge was an impermissible shifting of the burden of proof from the State to the defendant. *See State v. Neva,* 300 S.C. 450, 388 S.E. (2d) 791 (1990). We also agree that trial counsel was ineffectual for failing to object to the jury charge which shifted the burden of proof to the defendant. *See High v. State,* 300 S.E. 88, 386 S.E. (2d) 463 (1989) (ineffectual assistance of counsel where counsel fails to object to burden shifting charge with regard to intent element). We do not agree, however, that the error was harmless beyond a reasonable doubt.

For the error to be harmless, we must determine "beyond a reasonable doubt the error complained of did not contribute to the verdict obtained." *Arnold v. State,* — S.C. —, —, 420 S.E. (2d) 834, 839 (1992) (quoting *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. (2d) 705 (1967)). Before reaching this

judgment, we "must take two quite distinct steps. First, [we] must ask what evidence the jury actually considered in reaching its verdict. . . . Secondly, [we] must weigh the probative force of the evidence against the probative force of the presumption standing alone." *Id.* — S.C. at —, 420 S.E. (2d) at 839 (quoting *Yates v. Evatt,* 500 U.S. —, —, 111 S.Ct. 1884, 1893, 114 L.Ed. (2d) 432, 448-49 (1991) ).

The unconstitutional jury charge related only to the crime of intent to distribute a controlled substance. Thus, Petitioner's conviction for possession of an illegal pistol is not at issue.

The Petitioner testified that he did not possess the cocaine and that he knew nothing about the marijuana. Thus, the jury received some evidence tending to rebut the presumption which allowed the jury to consider all of the evidence presented. *See Arnold* — S.C. at —, 420 S.E. (2d) at 839.

On the issue of intent to distribute cocaine and marijuana, the jury heard the testimony from the arresting officers and from the Petitioner. The arresting officers testified that they found a black pouch containing approximately 12.94 grams of crack cocaine and 2.9 grams of cocaine on Petitioner's person when they arrested him. The officers also testified that Petitioner unlocked the door to a truck outside Petitioner's hotel room and removed something from the cab. A later search of the truck revealed 421.56 grams of marijuana. As noted above, the Petitioner testified that he did not know the marijuana was in the truck and that he did not have the cocaine on his person. The jury found the Petitioner guilty. Thus, the jury believed Petitioner was, in fact, in possession of the cocaine and marijuana.

The issue of Petitioner's intent to distribute the controlled substances is less clear. The State produced no direct evidence of Petitioner's intent to distribute the controlled substance. Rather, the State relied on S.C. Code Ann. § 44-53-370(d)(3), which creates an inference of Petitioner's intent to distribute if he possessed more than the amount specified by the statute. The amount of cocaine and marijuana Petitioner had in his possession exceeded the necessary weight under the statute for the jury to infer Petitioner's intent to distribute the controlled substances. Under the trial judge's instructions, however, the inferences became presumptions which the defendant was required to rebut.

While there was sufficient evidence from which the jury could have inferred the Petitioner's intent to distribute the cocaine and marijuana, we cannot say beyond a reasonable doubt the jury did not base its verdict on the erroneous jury charge. "The 'requirement that harmlessness of federal constitutional error be clear beyond a reasonable doubt embodies [a] standard requiring reversal if there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" *Arnold v. State*, — S.C. —, —, 420 S.E. (2d) 834, 838 (1992) (quoting *Yates v. Evatt*, 500 U.S. 391, —, 111 S.Ct. 1884, 1893, 114 L.Ed. (2d) 432, 448-49 (1991)). Because there is a reasonable possibility that the error contributed to the verdict, we REVERSE.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.