479 S.E.2d 808

**The STATE, Respondent,**

v.

**Ralph A. ANDREWS, Appellant.**

**No. 2582.**

Court of Appeals of South Carolina.

Heard Oct. 8, 1996.

Decided Oct. 28, 1996.

Rehearing Denied Jan. 24, 1997.

Assistant Appellate Defender, Robert M. Dudek, S.C. Office of Appellate Defense, Columbia, for Appellant.

Attorney General, Charles Molony Condon, Deputy Attorney General, John W. McIntosh, Assistant Deputy Attorney General, Salley W. Elliott, and Senior Assistant Attorney General, Harold M. Coombs, Jr., Columbia; and Solicitor, George M. Ducworth, Anderson, for Respondent.

ANDERSON, Judge:

Appellant claims the trial judge erred by (1) allowing into evidence taped recordings of his telephone conversations with a confidential informant and (2) giving a burden-shifting jury instruction on the charge of possession with intent to distribute marijuana. We affirm in part and reverse in part.

## FACTS/PROCEDURAL BACKGROUND

In 1994, Harold Johnson agreed to work as a confidential informant for the Anderson County Sheriff's Department after he was arrested for purchasing drugs from an undercover operative. At the request of law enforcement, Johnson arranged a meeting with Appellant, who allegedly was his supplier, in order to set up a controlled drug purchase. Deputies provided Johnson with money to make the drug buy and followed Johnson to his meeting with Appellant at a Conoco service station.

The deputies observed Appellant give Johnson a clear baggie containing "green plant material" in exchange for money from Johnson. Johnson turned the baggie and its contents over to the deputies. Appellant was stopped by the officers after he left the service station and the money supplied by law enforcement was found in his possession. Appellant accompanied the officers back to his residence, and during a subsequent search of his barn, the officers discovered scales, cash stored in a mayonnaise jar, a calculator, clear plastic baggies, green plant material stored in plastic baggies, and metal boxes

containing plant residue. At trial, the plant material was identified as marijuana.

Appellant was convicted of distribution of marijuana and possession of marijuana with intent to distribute. He was sentenced to 10 years in prison for distribution, and 10 years, concurrent, for possession with intent to distribute marijuana. He was fined $10,000 on each conviction.

## ISSUES

1. Did the trial judge err in admitting into evidence taped telephone conversations between Appellant and confidential informant Harold Johnson?

2. Did the trial judge's charge on possession with intent to distribute marijuana constitute a burden-shifting instruction?

## LAW/ANALYSIS

### 1. TAPED COMMUNICATIONS.

Appellant contends the trial judge erred in admitting into evidence taped recordings of telephone conversations between himself and confidential informant Harold Johnson. We disagree.

On May 20, 1994, the Anderson County Sheriff's Department taped several telephone calls that Johnson made to Appellant's residence at its request. Johnson gave the police permission to tape the calls.

■ Defense counsel objected to the introduction of the recorded calls, arguing the recording violated Appellant's expectation of privacy as well as the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. §§ 2510 *et seq.* (1970 and Supp.1996). This Act governs the interception of wire, oral, and electronic communications. The trial judge overruled the objection and the taped conversations were played for the jury.

Although the Act generally prohibits the interception of certain communications, section 2511(2)(c) of the Act specifically provides:

It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C.A. § 2511(2)(c) (Supp.1996).

■ The introduction of Appellant's telephone conversations with Johnson does not violate his right to privacy under either the Fourth Amendment of the United States Constitution or article I of the South Carolina Constitution. U.S. Const. amend. IV; S.C. Const. art. I, § 10.

The federal courts have unanimously held that where one party to a conversation consents to the call being taped, there is no violation of the Fourth Amendment. *State v. Pulido,* 68 Wash.App. 59, 841 P.2d 1251 (App.1992). *See United States v. White,* 401 U.S. 745, 752, 91 S.Ct. 1122, 1126, 28 L.Ed.2d 453, 459 (1971) ("If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case."), *quoted in State v. Thompson,* 332 N.C. 204, 420 S.E.2d 395, 400 (1992) (defendant's Fourth Amendment rights were not violated by introduction of tape recordings made by police of telephone conversations between informant and defendant, even if informant was acting at behest of police in making telephone calls).

[Since] no one has a constitutionally protected expectation that the person to whom he voluntarily reveals incriminating information will keep it secret, the consensual interceptions permitted under this provision [18 U.S.C.A. § 2511(2)(c) ] do not offend the Fourth Amendment. *See United States v. Quintana,* 508 F.2d 867, 872 n. 3 (7th Cir.1975). *See also United States v. White,* 401 U.S. 745, 751, 91 S.Ct. 1122 [1125–26], 28 L.Ed.2d 453 (1971); *Hoffa v. United States,* 385 U.S. 293, 302, 87 S.Ct. 408 [413–14], 17 L.Ed.2d 374 (1966).

*United States v. Hodge,* 539 F.2d 898, 905 (6th Cir.1976), *cert. denied sub nom., Robertson v. United States,* 429 U.S. 1091, 97 S.Ct. 1100, 51 L.Ed.2d 536 (1977). *Accord United States v. Dowdy,* 479 F.2d 213 (4th Cir.) (tapes of private conversations

admissible where one of the parties to the conversation has consented to the surveillance), *cert. denied,* 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1973); *Roller v. McKellar,* 711 F.Supp. 272 (D.S.C.1989) (Omnibus Crime Control and Safe Streets Act and the Fourth Amendment do not protect parties to intercepted conversation who speak with no legitimate expectation of privacy; no violation occurs when a party to a conversation consents to its interception); *State v. Pecina,* 184 Ariz. 238, 908 P.2d 52 (App.1995) (both federal law, 18 U.S.C. § 2511(2)(c), and state statutes permit evidence of telephone wiretap made by police when one or more parties to conversation has consented to the wiretap; informant's placement of call with knowledge it will be recorded is typically sufficient to establish consent); *State v. Canon,* 212 Mont. 157, 687 P.2d 705 (1984) (court order not necessary to monitor a telephone conversation where one party consents, even if that party is a police informant).

Since Johnson was a party to the conversations and gave his consent to the recording, the tape was admissible. *Cf. Mays v. Mays,* 267 S.C. 490, 229 S.E.2d 725 (1976) (holding 18 U.S.C.A. § 2511(2)(d), which provides a similar exception for parties not acting under color of law, "makes it clear that one party to a telephone conversation may lawfully tape the conversation without the other's knowledge or permission and subsequently disclose it."). In *Mays,* the husband's private investigator telephoned one of the wife's witnesses and recorded their conversation. The South Carolina Supreme Court found the judge erred in excluding the taped conversation because the investigator was a party to the conversation and had consented to the recording. Similarly, Johnson's permission in the case *sub judice* vitiates any claims by Appellant of an unlawful interception or a violation of his expectation of privacy under the United States Constitution, and we further find there was no violation of Appellant's rights under South Carolina law. Therefore, we affirm the trial judge's ruling in this matter and hold that the taped conversations between Appellant and Johnson were properly admitted into evidence.

## 2. BURDEN–SHIFTING INSTRUCTION.

Appellant next contends that the trial judge's instruction that possession of more than 28 grams or one ounce of

marijuana was "prima facie evidence" of guilt of possession with intent to distribute marijuana was error because it shifted the burden of proof to Appellant. We agree.

The offenses of (1) possession with intent to distribute marijuana and (2) distribution of marijuana are prohibited by S.C.Code Ann. § 44–53–370(a)(1) (Supp.1995). In subsection (d)(3) of that statute, the legislature provides for a permissive inference to be considered by the jury in evaluating guilt or innocence in cases where the defendant possesses a certain quantity of marijuana:

> (d) A person who violates subsection (c) with respect to:
>> (3) possession of more than ... twenty-eight grams or one ounce of marijuana ... is prima facie guilty of violation of subsection (a) of this section.

S.C.Code Ann. § 44–53–370(d)(3) (Supp.1995).

During his instruction to the jury on the charge of distribution of marijuana, the trial judge stated in pertinent part:

> I further charge you that marijuana is a controlled substance under our Code of Laws in South Carolina. This section [S.C.Code Ann. § 44–53–370(a)(1) (Supp.1995) ] then makes it unlawful for any person to distribute marijuana. *I further charge you that possession of 28 grams or one ounce of marijuana is prima facie evidence that the subsection that I just read to you was violated.* This inference is simply an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case, and given such weight as you the jury determines it should receive. The elements of this offense, possession with intent to distribute [sic], must be proved and established by the State beyond a reasonable doubt in order for you to find the defendant guilty.

The judge further instructed the jury on possession with intent to distribute marijuana:

> Madam foreperson, ladies and gentlemen of the jury, possession of more than 28 grams or more than one ounce of marijuana is *prima facie evidence of a violation* of the section I just read to you. This inference which I have just read to you is an inference only. It does not relieve the State from actually proving beyond a reasonable doubt the element of intent to distribute, so it is not binding on you.

This inference is simply an evidentiary fact to be taken into consideration by you, the jury, along with the other evidence in the case and to be given such weight as you the jury determine it should receive.

When reviewing a trial judge's instructions for alleged error, an appellate court must consider the instructions in their entirety. *State v. Hyman*, 322 S.C. 59, 471 S.E.2d 466 (Ct.App.1996). For the error to be harmless, we must determine beyond a reasonable doubt that the error complained of did not contribute to the verdict. *Taylor v. State*, 312 S.C. 179, 439 S.E.2d 820 (1993). To do so, we must (1) consider what evidence the jury actually considered, and (2) weigh the probative force of the evidence against the probative force of the presumption standing alone. *Id.*

In *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the United States Supreme Court held that an instruction that the law presumes a person intends the ordinary consequences of his acts could be interpreted by a jury as either a burden-shifting presumption or a conclusive presumption. In holding that such a presumptive instruction was unconstitutional, the Court stated that where intent is an element of the crime charged,

[i]t follows that the trial court may not withdraw or prejudge the issue by instruction that the law raises a presumption of intent from an act. It often is tempting to cast in terms of a "presumption" a conclusion which a court thinks probable from given facts.... [But] [w]e think presumptive intent has no place in this case. *A conclusive presumption which testimony could not overthrow would effectively eliminate intent as an ingredient of the offense.* A presumption which would permit but not require the jury to assume intent from an isolated fact would prejudge a conclusion which the jury should reach of its own volition. A presumption which would permit the jury to make an assumption which all the evidence considered together does not logically establish would give to a proven fact an artificial and fictional effect. In either case, *this presumption would conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime.*

*Id.* at 522, 99 S.Ct. at 2458, 61 L.Ed.2d at 49–50 (quoting *Morissette v. United States,* 342 U.S. 246, 274–75, 72 S.Ct. 240, 255–56, 96 L.Ed. 288, 306–07 (1952)) (emphasis in *Sandstrom* ).

Relying on *Sandstrom,* the South Carolina Supreme Court has similarly held that a shoplifting statute permitting presumptions of guilt to arise from the defendant's concealment of unpurchased goods is unconstitutional. *State v. Burriss,* 281 S.C. 47, 314 S.E.2d 316 (1984). In *Burriss,* the Court evaluated the former version of section 16–13–120 of the South Carolina Code which contained the following language:

Section 16–13–120. Shoplifting; presumptions from concealment of unpurchased goods.

Any person wilfully concealing unpurchased goods or merchandise of any store or other mercantile establishment either on the premises or outside the premises of such store, shall be *prima facie presumed* to have so concealed such article with the intention of converting it to his own use without paying the purchase price thereof within the meaning of § 16–13–110 [the shoplifting statute], and the finding of such unpurchased goods or merchandise concealed upon such person or among the belongings of such person shall be *prima facie evidence* of wilful concealment. If such person conceals or causes to be concealed such unpurchased goods or merchandise upon the person or among the belongings of another, the finding of such unpurchased goods or merchandise shall also be *prima facie evidence* of wilful concealment on the part of the person so concealing such goods.

*Id.* at 49, 314 S.E.2d at 318 (emphasis added). The Court stated that the presumptions embodied in section 16–13–120 impermissibly shifted the burden of proof to the accused. The Court noted, however, that the trial judge in *Burriss's* case did not actually charge the jury on that particular statute, and concluded that the judge's instruction constituted harmless error when the charge was reviewed in its entirety.

In *Taylor v. State, supra,* the Court held that the following instruction on the statutory inferences which may arise from

possession of a certain quantity of drugs shifted the burden of proof from the State to the defendant:

> I charge you that ... Section 44–53–370(D)(3) of the 1976 Code of Laws as Amended reads as follows:
>
>> Possession of more than one gram of crack cocaine or 28 grams of marijuana gives rise to an inference that the person possessing that amount is guilty.
>
> This inference of guilt is not conclusive and as a result [sic] *rebuttable presumption* is when all the evidence in is for you, the jury, to determine whether or not the defendant is guilty or not guilty.
>
> .    .    .    .    .
>
> Even where the State establishes a prima facie case, the burden of proof in a criminal case does not shift for *the accused is only required to overcome the inferences the State has established.*

*Taylor v. State,* 312 S.C. at 181, 439 S.E.2d at 821 (emphasis in original).

We observe that our Supreme Court has articulated the proper method for charging permissive inferences:

> This court has long held that burden-shifting presumptions are unconstitutional. *See State v. Peterson,* 287 S.C. 244, 335 S.E.2d 800 (1985). *Specifically, a charge that a prima facie case may be rebutted by other evidence is impermissible. State v. Key,* 282 S.C. 413, 319 S.E.2d 338 (1984). Evidentiary presumptions must be charged as permissive inferences with specific instructions that the jury may accept or reject them. *State v. Adams,* 291 S.C. 132, 352 S.E.2d 483 (1987); *State v. Peterson, supra.*

*State v. Neva,* 300 S.C. 450, 452, 388 S.E.2d 791, 792 (1990) (emphasis added) (charge that "keeping a child out of state in violation of a custody order for a period in excess of seventy-two hours shall be prima facie evidence that the person charged intended to violate the court order" and further, that the presumption was rebuttable, was a burden-shifting instruction).

■ It is apodictic that the phrase "prima facie"[1] is anathema in a jury charge. Extirpating this Latin term from a statute used in a jury charge is mandatory, not precatory.

■ In utilizing statutory phrases in a jury charge, the trial judge must exercise vigilance in identifying and ferreting out language which is violative of *Sandstrom v. Montana* and its progeny. In Appellant's case, construing the charge in its entirety does not cure the error. Appellant testified that Johnson was repaying a loan to him at the Conoco station, and that he had not taken any marijuana with him when he met Johnson. Appellant did admit at trial that he was found in possession of more than one ounce of marijuana, but he maintained the marijuana was for his personal consumption, not for distribution. Thus, there was some evidence presented at trial tending to rebut the presumption of an intent to distribute marijuana. *Taylor v. State, supra.*

We therefore hold that the trial judge's instruction that possession of more than 28 grams or one ounce of marijuana was prima facie evidence of guilt of the charge of possession with intent to distribute marijuana constitutes an impermissible presumption which shifted the burden of proof from the State to Appellant. *Cf. Carter v. State*, 301 S.C. 396, 392 S.E.2d 184 (1990) (mandatory presumptions have been prohibited at least since 1979, when *Sandstrom v. Montana* was decided). Accordingly, we reverse the trial judge on this issue.

■ For the edification of the Bench and Bar, we suggest the following charge in a possession with intent to distribute marijuana case:

I charge you that possession of more than 28 grams or one ounce of marijuana gives rise to a permissive inference of a violation of this law. The resulting implication only permits rather than requires the jury to infer a violation of the section. This permissive inference does not relieve the State from actually proving beyond a reasonable doubt the element of intent to distribute. This permissive inference is

---

1. "Prima facie"—"At first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary." Black's Law Dictionary 1189 (6th ed. 1990).

simply an evidentiary fact to be taken into consideration by the jury along with the other evidence in the case and to be given such weight as the jury determines it should receive.

## ERROR PRESERVATION

The dissent concludes "the error argued on appeal was not preserved for our review." Further, the dissent asserts defense counsel did *not* object to the charge. The quote by the dissent omits the essential portions of the discussion involving the judge and defense counsel. The colloquy involving the court and defense counsel is as follows:

MR. EPPS: I wasn't sure, and I might have misunderstood your charge, that you charged the jury that it was an inference of a prima facie violation, did you also charge them that they don't have to consider it as an inference or that inference can be overcome by other evidence?

THE COURT: The charge reads as follows—I can let you look at it: "I further charge you that possession of 28 grams or one ounce of marijuana is prima facie evidence that the subsection I read to you was violated. This inference is simply an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case, and given such weight as the jury determines it should receive."

MR. EPPS: *Okay, sir. I'm going to take exception to that, your honor.* (Emphasis added).

THE COURT: You have a suggestion as to what charge you would have liked in place of that?

MR. EPPS: Well, it's—I know inference replaces the old rebuttable presumption, you don't have presumptions any more, my understanding in the criminal law; but it creates the inference that the jury doesn't have to convict just simply on that inference alone. And there was usually a charge that was given to tell the jury that that is only an inference and they—

THE COURT: I just told them it was just simply an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case, and given such weight as you, the jury, determines it should receive. If you want to make exception, that's fine.

MR. EPPS: *Yes, sir. Just note my exception, please, sir.*
(Emphasis added).

What more could defense counsel do to preserve the error?
Defense counsel objected more than once. Certainly, the
error was preserved in this case.

### CONCLUSION

We affirm Appellant's conviction of distribution of marijua-
na. We reverse his conviction of possession with intent to
distribute marijuana and remand for a new trial based on the
trial judge's burden-shifting jury instructions.

**AFFIRMED IN PART, REVERSED IN PART.**

CURETON, J., concurs.

GOOLSBY, J., concurs and dissents in a separate opinion.

GOOLSBY, Judge (concurring and dissenting):

I agree with the majority that the trial court committed no
error in admitting into evidence tape recordings of telephone
conversations between Andrews and Harold Johnson. I dis-
agree, however, with the majority's determination that the
trial court's charge on possession with intent to distribute
marijuana constituted an impermissible burden-shifting in-
struction.

First, Andrews's only distinct complaint to the trial court
regarding the charge that it gave to the jurors on the legal
effect of the possession of more than twenty-eight grams or
more than one ounce of marijuana came after defense counsel
inquired of the trial court whether it "also charge[d] them that
they don't have to consider it as an inference or that inference
can be overcome by other evidence" and the trial court asked
defense counsel for "a suggestion as to what charge you would
have liked in place of that[.]" *Cf.* Rule 20(b), SCRCrimP
("Any objection shall state distinctly the matter objected to
and the grounds for objection. Failure to object in accordance
with this rule shall constitute a waiver of objection."). De-
fense counsel responded,

"Well, ... I know inference replaces the old rebuttable
presumption, you don't have presumptions any more, my

understanding in the criminal law; but it creates the inference that the jury doesn't have to convict just simply on that inference alone. And there was usually a charge that was given to tell the jury that that is only an inference...."

Neither while discussing the charges nor while excepting to the charges did defense counsel object to the challenged charge on the ground that it impermissibly shifted the State's burden of proof. Under these circumstances, I would hold the error argued on appeal was not preserved for our review. *See State v. Hudgins*, 319 S.C. 233, 460 S.E.2d 388 (1995) (an issue not raised to the trial court is procedurally barred on appeal), *cert. denied,* —— U.S. ——, 116 S.Ct. 821, 133 L.Ed.2d 764 (1996).[1]

Second, even if the error had been preserved as the majority holds, I would nevertheless hold the charge, when considered in its entirety, did not impermissibly shift the burden of proof from the State to Andrews. As noted by the United States Supreme Court:

If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole. Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption.

*Francis v. Franklin,* 471 U.S. 307, 315, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344, 354 (1985).

In contrast to the charge in *Taylor v. State,* 312 S.C. 179, 439 S.E.2d 820 (1993), one of the cases on which the majority

---

1. Indeed, the trial court had already instructed the jury that possession of more than twenty-eight grams or more than an ounce of marijuana created "only an inference." The trial court told the jurors,

This inference which I have just read to you is an *inference only.* It does not relieve the State from actually proving beyond a reasonable doubt the element of intent to distribute, so it is not binding on you. This inference is simply an evidentiary fact to be taken in consideration by you, the jury, along with the other evidence in the case and to be given such weight as you the jury determine it should receive. (Emphasis added.)

relies, the charge in question here neither referred to the inference of guilt as a rebuttable presumption nor suggested Andrews was required to overcome certain inferences established by the State. Furthermore, the trial court *expressly* included an instruction that the jury was not bound by the statutory inference of S.C.Code Ann. § 44–53–370(d)(3) (Supp. 1995), an instruction lacking in the charge in *Taylor.* The charge attacked here, then, when considered as a whole, could not reasonably have been understood by the jury to have shifted the burden of proof to Andrews to disprove the elements of the offense with which he was charged. *Cf. State v. Norris,* 285 S.C. 86, 328 S.E.2d 339 (1985) (a charge that the jury could, but did not have to, infer malice could not reasonably have been understood by the jury as an instruction that the burden of proof would be shifted to the defendant), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991).

One final note. I question the majority's interpretation of *State v. Burriss,* 281 S.C. 47, 314 S.E.2d 316 (1984). In attempting to distinguish *Burriss* from the present case, the majority states "[t]he Court noted, however, that the trial judge in [the] *Burriss* [ ] case did not actually charge the jury on that particular statute, and concluded that the judge's instruction constituted harmless error when the charge was reviewed in its entirety." Although the trial court in *Burriss* did not read the statute in question to the jury, it did charge the jury that wilful concealment of unpurchased goods on or outside a merchant's premises "would give rise to what we call a *prima facie presumption* that that person was concealing the article with the intention of converting it to his own use without paying the purchase price." *Id.* at 50, 314 S.E.2d at 318 (emphasis added). Despite the use of the phrase "prima facie," which the majority characterizes as an "anathema in a jury charge," the supreme court in *Burriss* was "of the opinion that the charge when considered as a whole did not deprive the accused of any constitutional right." *Id.* at 51, 314 S.E.2d at 318.

I would affirm.