### 7287

### STATE v. TEDDER.

1. CIRCUMSTANTIAL EVIDENCE.—CHARGE here complained of held not to mean that reliability of witnesses testifying to facts and circumstances from which the fact in issue is to be inferred is not to be considered of so much importance as where they give direct evidence; nor that facts from which others are to be inferred need not be established beyond a reasonable doubt; nor that the jury should convict unless the circumstances point to the guilt of another than the accused.

2. IBID.—WORDS AND PHRASES.—CHARGE here complained of as on the facts, *held* to be a general statement of the rule for applying circumstantial evidence, "where" being used in sense of "if."

3. VERDICT—JURY—WORDS AND PHRASES.—INSTRUCTING jury that they do not guarantee their verdict does not take away or depreciate the responsibility resting on them to ascertain the truth. "Positive" here used in sense of "absolutely certain." Nor is it error to instruct them to act on their own judgment.

Before GARY, J., Darlington, Fall term, 1908. Affirmed.

Indictment against Augustus Tedder and Bright Tedder. Both defendants appeal from sentence. The charge is:.

"Mr. Foreman and Gentlemen of the Jury: The charge is that of murder. You will observe that there are two defendants now on trial, the State having eliminated the third, so your investigation is as to these two defendants.

"Murder is the killing of any person with malice aforethought, either expressed or implied. You will see from that definition that malice is the necessary ingredient of murder, and it is either *inferred* from the *act or the manner in which the act is done,* or it is expressed. The law says

where one kills another without any provocation, *or upon slight provocation,* it infers that it was an unlawful killing; in other words, that it was maliciously done. *If one party kills another upon sufficient legal provocation,* and without malice, it is manslaughter.

"Now in this case there is no plea of self-defense. Therefore, I do not propose to burden you as to what self-defense is. *There is no plea set up in justification or extenuation of the act.* It is a question of identity. The question is who killed the deceased? Now, you come to the question, Who did kill him? Was it the two defendants, or either one of them? If they did, then you are not to consider the question of self-defense. It is not before you whether or not the killing was done in self-defense; that is not injected as an excuse or justification. They deny that they, or either of them, did the killing or were interested in it, and so, as I said, it is a question of identity, and that is a question of fact for the jury. So there is very little for me to say to you in reference to this case, because, as I say, it is a question of fact.

"I have been requested to charge you on circumstantial evidence. Evidence is of two kinds: What we know as positive evidence and circumstantial or inferential. If one witness testifies positively to a fact—I saw John strike Bill—that is positive evidence; but if he testifies to a state of facts, from which you infer that John struck Bill, and you conclude that John struck Bill, that is circumstantial or inferential. So far as one being better than the other, the books do not decide as to that, but the test is this: *It depends* on the facts and *circumstances in one* instant and on the reliability of the witness in the other, so it is folly to argue to you which is better, circumstantial evidence or positive evidence. Circumstantial evidence to convict on, all of the circumstances must be consistent one with the other, and must point so clearly to the guilt of the accused as to admit of no other reasonable hypothesis; that is,

if the circumstances point to the guilt of some one else you must pay no attention to them in such an event; but where they dovetail in and are so consistent one with the other, and point so unerringly to the guilt of the accused as to admit of no other reasonable hypothesis, they are as good as any other evidence. So the question in this case would be, do all the facts and circumstances in this case point so plainly to the guilt of the accused, or either of them, as to admit of no other reasonable hypothesis. What is your judgment? The law says act upon it. You should have no difficulty in reaching a conclusion because you were not present. You don't know from your own knowledge the facts and circumstances. So what is your conclusion from the testimony? What is the truth of the situation? What is your judgment? The answer to that will be your verdict. If your judgment should turn out to be erroneous you are not responsible, you do not guarantee it. You could only do that from the knowledge of your own senses—hearing, feeling and seeing. That is the only way you can be positive. If they don't come into play, you can only act on your judgment. And what is your judgment? That is what the law asks, and that is what we want in this case. If your judgment is that they did not commit the deed, and the facts and circumstances are not of such a character as to enable you to form a conclusion, find them not guilty. If you have any reasonable doubt on any point in the case the law says you must solve it in favor of the defendants. But if in your judgment the case of the State *has, or has not,* been made out, act *on your judgment.* I don't know whether I stated to you that where there are two defendants being tried, if you find one guilty and one not guilty, or both guilty, or both not guilty, write it out so that we will know what you find to be the case. Where two people are acting in concert in a common undertaking, and both are present, it matters not who fires or who strikes, the hand of one is the hand of both; the act of one is the act of both; if they are both

present and acting in concert, the act of one is the act of both. That is the law. You can find one of four verdicts: You can find a verdict of guilty; which means guilty of murder, the punishment of which is death. If you should find the defendants, or either of them, guilty, and conclude that it is a case where the facts and circumstances do not warrant the extreme penalty, you can avoid the extreme penalty by finding a verdict of guilty with a recommendation to the mercy of the Court, which would mean imprisonment for life, or you can find a verdict of manslaughter, or not guilty. *What is your judgment?* Write it out on the record. Take the record and find a verdict."

*Mr. E. O. Woods,* for appellant, cites: *Court erroneously interpreted "reasonable doubt" to mean the "judgment" of the jury:* 59 S. C., 214; 30 S. E. R., 846. *Case should not be decided by judgment of jury:* 23 Ency., 962; 17 L. R. A., 705.

*Solicitor J. M. Spears,* contra. Oral argument.

September 11, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick. The appellants, having been convicted of murder, have appealed upon exceptions which impute error to the Circuit Judge only in his charge to the jury, which will be reported. It will not be necessary to repeat the exceptions or to consider them *seriatim,* but all the points raised by them will be considered.

In explaining to the jury the relative value of circumstantial and positive evidence the Circuit Judge said: "It depends on the facts and circumstances in one instance, and on the reliability of the witness in the other." The appellants complain that the jury were thereby led to conclude that, in considering circumstantial evidence, the reliability of the witness, who testifies to the facts

and circumstances from which the fact in issue is to be inferred, is not to be considered of so much importance as when he gives direct and positive evidence of the fact in issue.

We do not think the language of the Judge can be so construed. Of course, the facts and circumstances from which a jury is asked to infer another fact in issue must be proved by the same measure of proof as is required to establish the fact directly in issue. But it is also true that, after such facts and circumstances have been so proved, their value, as forming the basis of correct inference, depends upon their character, their cogency, their consistence, their number, and their relation to each other. There was no error in telling the jury that the value or weight of circumstantial evidence depends upon the facts and circumstances. The jury were also told: "If you have any reasonable doubt on any point in the case, the law says you must solve it in favor of the defendants." The jury could not have failed to understand this—that every fact or circumstance, relied upon by the State, must be proved beyond a reasonable doubt; and, of course, if there was a reasonable doubt as to facts from which they were asked to infer another fact, they would not have drawn the inference.

In stating the rules by which they were to consider circumstantial evidence, his Honor said: "All the circumstances must be consistent one with the other, and must point so clearly to the guilt of the accused as to admit of no other reasonable hypothesis; that is, if the circumstances point to the guilt of some one else you must pay no attention to them, in that event; but where they dovetail in and are so consistent one with the other, and point so unerringly to the guilt of the accused as to admit of no other reasonable hypothesis, they are as good as any other evidence." The appellants complain that when his Honor told the jury: "If the circumstances point to the guilt of some one else you must pay no attention to them," he, in fact, told them that

they were sufficient to convict upon, *unless* they pointed to the guilt of some one else than the accused. The language of the Judge is plain, and means just the opposite of the construction given to it by appellants. If the facts and circumstances point to the guilt of some one else, then they do not point to the guilt of the accused, and, under the explicit instructions of the Court, could not be relied upon to convict. In the very next sentence his Honor said: "So the question in this case would be, do all the facts and circumstances point so plainly to the guilt of the accused, or either of them, as to admit of no other reasonable hypothesis."

The appellants complain that his Honor expressed his opinion as to the facts and circumstances of this case, when he said "but where they dovetail in, and are so consistent one with the other, and point so unerringly to the guilt of the accused as to admit of no other reasonable hypothesis, they are as good as any other evidence." We see nothing in this but the general statement of a correct proposition of law. There is not the slightest intimation to be gathered from the language used, of the opinion of the court upon the facts. The word "where" clearly appears, from the context, to have been used, as it often is, in the sense of "if."

Error is also imputed to the presiding judge in charging the jury that they did not guarantee the correctness of their verdict, and that they should find a verdict according to their judgment, and in telling them the only way they could be positive of the facts and circumstances would be from the knowledge of their own senses—hearing, feeling and seeing.

It is contended that, by telling them that they did not guarantee the correctness of their verdict his Honor took away from them, or depreciated, the high sense of responsibility resting upon them, and the obligation to see to it that their verdict was in accord with truth, and the legal rights of the accused to the benefit of the presumption of innocence

and every reasonable doubt as to their guilt. We see no error in so charging. The proof in any case may be such as to convince the reason and judgment beyond all doubt, and still, owing to the fallibility of human testimony and human judgment, the conclusion may be erroneous. Therefore, it was not improper to impress upon the jury that the law does not require that they be absolutely certain of the correctness of their verdict, so that they could guarantee the correctness of it; and that is all that the language used can be construed to mean. In the same connection, and in the same sense, his Honor used the word "positive" when he told the jury that it was only from the knowledge derived from their own senses—"hearing, feeling and seeing"—that they could be positive; that is, absolutely certain. We do not think that the appellants suffered any prejudice from these remarks; for the jury were told that, if they had any reasonable doubt on any point in the case, to solve it in favor of the defendants.

Nor was there error in instructing the jury to act on their judgment; for that is what the law requires them to do. They are the judges of the facts, and their verdict is the expression of their judgment. The word is peculiarly apt to express the function the jury is to discharge. Some of the definitions of it given in the Standard Dictionary are: "The act of judging: the mental operation by which facts are weighed, comparisons and deductions made, and conclusions reached. The result of judging: the decision or conclusion reached, as after consideration or deliberation."

After careful consideration of the charge, and the exceptions, we have failed to discover any error.

The judgment of the Circuit Court is, therefore, affirmed.