17181

THE STATE, Respondent, v. JEFF ANDERSON, Appellant.

(95 S. E. (2d) 164)

*A. L. King, Esq.,* of Georgetown, *for Appellant.*

*J. Reuben Long, Esq., Solicitor,* of Conway, *for Respondent,*

July 9, 1956.

OXNER, Judge.

Appellant was convicted of (1) having in possession alcoholic liquors in containers to which there were not affixed revenue stamps and (2) storing and keeping in possession such liquors. He was sentenced to imprisonment for a term of two years. We shall first discuss the exceptions relating to the sufficiency of the evidence to sustain the verdict.

On September 30, 1955, two deputy sheriffs of Georgetown County, armed with a search warrant, proceeded to a place on Highway No. 41 near Lanneau's Ferry and searched the premises for liquor. After talking to appellant's wife who was in charge of a business conducted on the first floor, they proceeded upstairs and found two half gallon jars of corn whiskey in a "trap" located in a bedroom occupied solely by appellant and his wife as their home. She denied any knowledge of the "trap" or the liquor. The officers later found several empty jars in some bushes back of the place of business. Appellant was absent. His wife testified that she bought the business in June, 1955, and had since operated

same and paid the rent. Appellant testified that he was a brick mason and had no connection with the business operated by his wife. He admitted that he slept upstairs in the bedroom where the liquor was found but denied knowing it was there.

The evidence discloses that during the previous April or May the officers searched these premises and found five jars of "unstamped" whiskey and it appears from a statement made by appellant's counsel during the trial, that he pleaded guilty to that charge.

The foregoing evidence fully sustains the verdict. In *State v. Burns,* 133 S. C. 238, 130 S. E. 641, 643, in which both the defendant and his wife were convicted of storing contraband liquor in their residence, the Court said: "If the whisky was stored in the place of Burns' residence, as the evidence for the state tended to establish, the inference of fact that he knew of the whisky and was a party to the act of storing, and that both he and his wife participated 'freely and deliberately' in the act, is clearly warranted. If so, obviously both he and his wife could be jointly tried for and convicted of the offense charged."

The fact that appellant's wife rented the premises and operated the place of business conducted on the first floor does not, as appellant's counsel seems to think, require an acquittal. As pointed out in *State v. Holley,* 136 S. C. 68, 134 S. E. 213, 215, "even a trespasser on real estate may be guilty of storing whisky thereon."

It is argued that the entry of the officers into the appellant's bedroom was illegal and that any evidence obtained should have been excluded. We find no defect in the search warrant. Moreover, it is well established in this jurisdiction that the fact that evidence is unlawfully obtained does not render it inadmissible. *State v. Cook,* 204 S. C. 295, 28 S. E. (2d) 842; *State v. Addy,* 210 S. C. 353, 42 S. E. (2d) 585, and cases therein cited.

Error is assigned in the following instruction to the jury: "I charge you, Mr. Foreman and Gentlemen of the Jury, that the husband is the head of a family. Where he resides with his wife, there is a legal, but rebuttable presumption, if intoxicating liquors are found on the premises occupied by them, that is, the husband and wife, that the liquors belonged to the husband, that is, where any question may arise as to whether it belonged to the husband or wife, in a suit in which she has denied any connection with intoxicating liquors." This charge is fully sustained by *State v. McMillan,* 144 S. C. 121, 142 S. E. 236.

It is claimed that the Court erred in refusing an instruction requested by appellant "that if there is doubt in the minds of the jury as to which count, that they give the defendant the benefit of that doubt and find a verdict on the count carrying the lesser penalty." The two counts referred to were having in possession and storing "unstamped" liquor. As pointed out by the Court in refusing this request, the punishment at that time for each of these offenses was a fine or imprisonment in the discretion of the court. We find no error. It should be added that the jury was fully instructed that before a verdict of guilty could be found on either count, the jury must be satisfied of the guilt of the defendant upon such count beyond a reasonable doubt.

There is an exception imputing error in the admission of certain testimony but there was no objection to this testimony.

There is no basis for the exception that the trial Judge exhibited "an attitude of manifest hostility toward defendant's attorney and thereby placed him in an unfavorable position before the jury."

Finally, it is claimed that the sentence imposed was "cruel and unusual" in violation of Section 19, Article 1 of the Constitution. This exception is clearly without merit. *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591.

Affirmed.

STUKES, C. J., LEGGE and Moss, JJ., and T. B. GREN-
EKER, Acting Associate Justice, concur.