## 20091

The STATE, Respondent, v. Vickie CUDE, Appellant.

(218 S. E. (2d) 240)

*Messrs. J. Reuben Long,* of Conway, and *Albert E. Wheless,* of North Myrtle Beach, *for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Sidney S. Riggs, III, Asst. Attys. Gen.,* of Columbia, and *J. M. Long, Jr., Sol.,* of Conway, *for Respondent,* cite:

September 3, 1975.

Moss, Chief Justice:

Vickie Cude, the appellant herein, was tried and convicted on two counts of an indictment charging her with: (1) possession of heroin with intent to distribute, Section 32-1510.49(a)(1) of the Code (1974 Supp.;), and (2) possession of less than one ounce of marijuana, Section 32-1510.49(c) of the Code (1974 Supp.). The trial judge sentenced the appellant to a term of 15 years for possession of heroin with intent to distribute from which she now appeals.

On the night of September 5, 1974, police officers, armed with a search warrant, went to the trailer home of the appellant where they found her getting out of her water bed. Upon searching the appellant's bedroom, a red box with 12 packets of powder was found between the sheets of her bed. The powder was examined and analyzed by a chemist for the State Law Enforcement Division who testified that the total weight of the substance in the packets was 7.721 grams or 118.7 grains. He also testified that the heroin content of the powder he examined was approximately two per cent. This testimony was unchallenged by the appellant and was the only evidence proffered concerning the quantity of heroin seized from the bed of the appellant. It is undisputed in the evidence that the amount of the heroin seized was more than two grains.

The testimony of the appellant was entirely exculpatory. She testified that the heroin belonged to someone else and that she had no knowledge that it was in her bedroom. It follows that the only issue in the case was whether or not

the appellant was guilty or not guilty of possessing more than two grains of heroin.

It is provided in Section 32-1510.49(d)(3) (1974 Supp.), that one possessing more than "two grains of heroin" shall be *prima facie* guilty of possessing with intent to distribute.

The appellant assigns error to the trial judge in refusing to submit to the jury the issue of whether she was guilty of simple possession of heroin as opposed to possession with intent to distribute.

We have carefully reviewed all of the testimony in this case and there are no facts to support a conclusion that the appellant was guilty of simple possession of heroin. The appellant did not dispute the amount of heroin found between the sheets of her bed. There are no disputed facts with respect to any element required for conviction of the greater offense charged except her denial that the heroin belonged to her and that she had no knowledge that it was in her bed. There was no evidence from which the jury could conclude that the appellant was guilty of simple possession rather than possession with intent to distribute. It follows that there was no error on the part of the trial judge in refusing the requested instruction.

In the case of *U. S. v. Johnson,* 7 Cir., 506 F. (2d) 305, it was held that an instruction on a lesser included offense is proper only when the charged greater offense requires that the jury find a disputed factual element which is not a requisite for conviction of the lesser included offense. See also the cases of *Sansone v. United States,* 380 U. S. 343, 85 S. Ct. 1004, 13 L. Ed. (2d) 882; *United States v. Hephner,* 7 Cir., 410 F. (2d) 930.

We have carefully examined the other exceptions posed by the appellant and find them to be without merit.

The judgment below is,

Affirmed.

LITTLEJOHN and NESS, JJ., concur.

LEWIS and BUSSEY, JJ., dissent.

BUSSEY, Justice (dissenting):

In my view the trial court was clearly in error in refusing to submit to the jury the issue of whether appellant was guilty of simple possession of heroin as opposed to possession thereof with intent to distribute. Such lesser offense is punishable by imprisonment of not more than two years, or a fine of not more than $5,000, or both. Code section 32-1510.49(d)(1) (1974 Supp.).

It is well settled that where, under the evidence, the accused may be found guilty of any lesser offense necessarily included within the greater crime charged, the court should so instruct the jury, especially where such an instruction has been requested. See *State v. Bealin,* 201 S. C. 490, 23 S. E. (2d) 746 and *State v. Shea,* 226 S. C. 501, 85 S. E. (2d) 858. Moreover the defendant, under the circumstances of this case, would have been entitled, if requested, to a charge to the effect that the jury should resolve any reasonable doubt as to whether the defendant was guilty of the lesser or the greater offense by finding the defendant guilty of only the lesser offense. *State v. King,* 158 S. C. 251, 155 S. E. 409; *State v. McLaughlin,* 208 S. C. 462, 38 S. E. (2d) 492.

The State's case rested entirely upon circumstantial evidence. The box containing the substance, in which heroin was present, was found in the defendant's bedroom, between the sheets of her bed, she being not the only occupant of the trailer where she lived. Proof of intent to distribute rested entirely upon inferences to be drawn from the amount of heroin in her constructive possession. The amount of heroin was approximately 2.37 grains, an amount barely sufficient to give rise to a *prima facie* showing, or a presumption, of intent to distribute. Mere or simple possession is, as a matter of fact, clearly included within the act or offense of possession with intent to distribute.

I respectfully submit that the cases of *United States v. Johnson,* 7 Cir., 506 F. (2d) 305 and *Sansone v. United States,* 380 U. S. 343, 85 S. Ct. 1004, 13 L. Ed. (2d) 882, relied on in the majority opinion do not support the conclusion therein reached. If we adopt the Federal test, developed under Rule 31(c) of the Federal Rules of Criminal Procedure, for determining when an instruction on a lesser included offense should be given, such test applied to the facts of this case requires a reversal.

The offense of possession with intent to distribute is composed of two factual elements: (1) mere possession; (2) intent to distribute. Intent to distribute is a factual element essential to the greater offense but not to the lesser offense of possession. Such factual element, in the present case, was clearly disputed when the defendant took the stand and denied possession. Plainly, denial of possession is a denial of any intent to distribute since, it is utterly imposible to be guilty of possession with intent to distribute, in the absence of possession. The intent to distribute being clearly a disputed factual element, under the test applied in the Federal courts, the defendant here was clearly entitled to a charge on the lesser offense of simple possession.

Other quite serious questions are presented by appellant, but brushed aside as nonmeritorious without any discussion. Most of such questions could be resolved upon a new trial, should they arise, without prejudice to the appellant. Since I would order a new trial for the reasons hereinabove set forth, I will not deal with these issues at length, but I respectfully suggest that they are sufficiently serious to warrant full consideration by those members who would affirm.

I would reverse and remand for a new trial on the heroin count.

LEWIS, J., concurs.