22118

The STATE, Respondent, v. Billy Joe LEGETTE and Levon Stone, Appellants.

(316 S. E. (2d) 411)

Supreme Court

*Appellate Defender John L. Sweeny of S. C. Office of Appellate Defense*, Columbia, *for appellants*.

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

May 29, 1984.

Per Curiam:

Appellants were convicted of housebreaking and grand larceny. Appellant Legette was also convicted of receiving stolen goods. The appellants argue error in the trial judge's instruction.

The trial judge charged the jury:

> Now, I charge you, Mr. Foreman and members of the jury that when one is found in possession of recently property [sic] a rebuttable inference or presumption of fact arises that the [sic] is the thief. This presumption is one of fact and not of law. It is evidentiary in nature and not conclusive, and I further charge you upon the proof of possession of recently stolen property the law permits the inference of guilt unless you, the jury, find a reasonable explanation of such possession from all of the evidence presented.

The instruction could have been interpreted by the jury as requiring the defendants to personally rebut or explain their possession of stolen goods; therefore, the instruction was erroneous. *State v. Cooper*, 279 S. C. 301, 306 S. E. (2d) 598 (1983).

We reverse the appellants' grand larceny convictions. The remaining convictions are affirmed. The matter is remanded for a new trial on the charges of grand larceny.