22152

The STATE, Respondent, v. David Eugene KEY, Appellant.

(319 S. E. (2d) 338)

Supreme Court

*Asst. Appellant Defender William Isaac Diggs,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, *Sol. William L. Ferguson,* York, *for respondent.*

Submitted May 17, 1984.

Decided Aug. 7, 1984.

*Per Curiam:*

Appellant was arrested and found to be in possession of slightly under two ounces of marijuana. He was convicted under S. C. Code Ann. § 44-53-370 (Supp. 1983) of possession of marijuana with intent to distribute and sentenced to seven years imprisonment. Appellant excepts to the trial judge's instruction.

The judge charged the jury:

> I charge you that prima facie guilty as used in that Statute regarding possession of more than an ounce of marijuana, the Defendant is deemed guilty of intent to distribute unless evidence satisfying you to the contrary is presented. In other words, that prima facie case could be rebutted by other evidence. Upon the presentation of such evidence, it would be for you the jury to determine whether or not the State has proven the Defendant guilty of that charge beyond a reasonable doubt.

The charge could have been taken by the jury as requiring the defendant to personally rebut or explain his possession of more than one ounce of marijuana. Therefore, we hold the instruction constitutes reversible error. *State v. Legette,* S. C., 316 S. E. (2d) 411 (1984); *State v. Cooper,* 279 S. C. 301, 306 S. E.

(2d) 598 (1983). According, the judgment is reversed and the case remanded for a new trial.

Reversed and remanded.