23135

The STATE, Respondent v. Rose Marie NEVA, Appellant.

(388 S. E. (2d) 791)

Supreme Court

*Chief Atty. David I. Bruck* and *Deputy Chief Atty. Elizabeth C. Fullwood* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Solicitor Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Nov. 13, 1989.

Decided Jan. 22, 1990.

GREGORY, Chief Justice:

Appellant was convicted of transporting a child out of state with intent to violate a custody order under S. C. Code Ann. § 16-17-495 (1985). She was sentenced to three years imprisonment suspended upon five years probation. We reverse and remand.

Appellant was married to Bill Scoggins from 1969 to 1981. They had two children: a daughter, Melissa, born in 1972 and a son born in 1974. When the parties divorced in 1981, the family court granted Scoggins custody of both children and appellant "reasonable visitation" rights.

Scoggins testified appellant had no contact with the children from 1983 until September 1987 when she telephoned and told him she "wanted to keep the kids." Scoggins agreed to bring them to appellant's sister's house where appellant picked them up. Scoggins' understanding was the children would stay nearby with appellant and her boyfriend. Sometime later, however, the public school notified Scoggins that his children had not been in attendance. After appellant had been told Scoggins was looking for the children, Melissa telephoned Scoggins and told him she and her brother were living in Mansfield, Ohio, with appellant. The children returned to South Carolina on January 1, 1988, after Scoggins sent bus tickets. Scoggins testified he never intended to "give" the children to appellant.

Appellant testified she "thought [Scoggins] had brought me the kids to keep" when they showed up at her sister's house with all their clothes and the school books. She stated Scoggins had told her, "I'm tired of keeping them, it's your turn." She said she was never told she could not take the children out of state. She admitted Scoggins never told her she could have permanent custody nor did she tell him she was taking the children to Ohio.

Melissa testified her parents discussed living arrangements for the children in September 1987. She stated, "[Scoggins] asked did we want to go live with [appellant]. We told him yes. He said, 'Well, get your clothes.' We got our clothes and put them in the car. Then he took us over to [appellant's sister's] house." Appellant told her daughter they were going to Ohio to live because she did not want "any troubles out of your daddy."

The trial judge charged the jury the statutory language that keeping a child out of state in violation of a custody order for a period in excess of seventy-two hours shall be prima facie evidence that the person charged intended to violate the court order at the time of the taking. S. C. Code Ann. § 16-17-495 (1985). He further charged the presumption was rebuttable.

This court has long held that burden-shifting presumptions are unconstitutional. *See State v. Peterson,* 287 S. C. 244, 335 S. E. (2d) 800 (1985). Specifically, a charge that a prima facie case may be rebutted by other evidence is impermissible. *State v. Key,* 282 S. C. 413, 319 S. E. (2d) 338 (1984). Evidentiary presumptions must be charged as permissive inferences with specific instructions that the jury may accept or reject them. *State v. Adams,* 291 S. C. 132, 352 S. E. (2d) 483 (1987); *State v. Peterson, supra.* The trial judge failed to properly instruct the jury in this case.

Moreover, because the evidence of appellant's intent to violate a custody order is conflicting, we find appellant was unfairly prejudiced by this erroneous charge. *CF. Rose v. Clark,* 478 U. S. 570, 106 S. Ct. 3101, 92 L. Ed. (2d) 460 (1986) (error harmless beyond a reasonable doubt if jury would have found it unnecessary to rely on the invalid presumption

charged). Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.