23522

Doris KIRKPATRICK a/k/a Doris Hyman, Respondent v.
STATE of South Carolina, Petitioner.

(412 S.E. (2d) 389)

Supreme Court

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka and Asst. Atty. Gen. Lisa G. Jefferson, Columbia, for petitioner.*

*Assistant Appellate Defender Joseph L. Savitz, III, of S.C. Office of Appellate Defense, Columbia, for respondent.*

Submitted Oct. 22, 1991.

Decided Dec. 9, 1991.

CHANDLER, Justice:

In its petition for certiorari the State contends that Respondent Kirkpatrick was erroneously granted a new trial upon the ground of ineffective assistance of counsel.

We agree and reverse.

At Kirkpatrick's 1979 trial for murder and armed robbery, a co-defendant, Robert Hinson, testified as a State's witness pursuant to a plea agreement. Two other co-defendants, Sue Allday and Iris Midgett, also gave incriminating testimony against Kirkpatrick.

At trial, Hinson was asked by the Solicitor: "Did you plead guilty to murder and and receive a life term on incidents occurring on March 24 of 1979?" Hinson replied, "Yes I did." No further reference to Hinson's plea agreement was made.

Unknown to either Kirkpatrick or her counsel was the fact that Hinson had, albeit *erroneously*, been advised by his

attorney, that, under his plea, he would be eligible for parole consideration after service of only ten years.[1]

Kirkpatrick contends that Hinson's eligibility for parole within ten years was the inducement for his testimony against her. She contends, further, that the failure of her counsel to elicit this inducement from Hinson constitutes ineffective assistance of counsel. We disagree.

It is well settled that, to establish a claim of ineffective assistance of counsel, a petitioner bears the burden of showing: (1) counsel's performance fell below an objective standard of reasonableness, and (2) petitioner was prejudiced by counsel's substandard performance. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Geter v. State*, 409 S.E. (2d) 344, 345 (Davis Adv. Sh. No. 20 at 24) (S.C. 1991). This Court shall affirm the findings of the PCR court if supported by any evidence in the record. *Grier v. State*, 299 S.C. 321, 384 S. E. (2d) 722 (1989).

Here, petitioner has failed to sustain either prong of the *Strickland* test. First, reasonably prudent counsel could not have anticipated that Hinson had pled guilty pursuant to his attorney's erroneous advice that he would be eligible for parole within ten years. Second, even assuming that it should have been anticipated, no prejudice resulted. The record contains abundant testimony by co-defendants Allday and Midgett upon which the jury could have based its verdict.

Accordingly, the order of the PCR court is

Reversed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[1] In *Hinson v. State*, 297 S.C. 456, 377 S. E. (2d) 338 (1989), we granted Hinson a new trial for ineffective assistance of counsel. His attorney advised Hinson that, if he pled guilty to *common law* murder, rather than *statutory* murder, he would be eligible for parole consideration after service of ten years. This was incorrect. South Carolina does not recognize a distinction between common law murder and statutory murder.