23559

Bryan ARNETTE, Respondent v. STATE of South Carolina, Petitioner.

(413 S.E. (2d) 803)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. W. Teresa Nesbitt,* Columbia, *for petitioner.*

*Delton W. Powers, Jr., Rogers and Powers, P.A.,* Bennettsville, *for respondent.*

Submitted Dec. 6, 1991.

Filed Jan. 13, 1992.

HARWELL, Justice:

We granted the State's petition for writ of certiorari to review the order of the postconviction relief (PCR) judge granting respondent Bryan Arnette a new trial. The issue on appeal is whether trial counsel was ineffective because he allowed respondent to plead guilty to voluntary manslaughter without first discussing with him the possibility of the defense of acci-

dent. We hold that counsel was not ineffective and, thus, reverse.

## I. FACTS

Respondent was indicted for murder. Respondent gave a statement to the police in which he admitted that he killed the victim. According to respondent's statement, the circumstances surrounding the incident are as follow. Respondent went to the victim's residence to recover $14,000 that respondent had learned the victim had stolen from him several weeks earlier. Respondent brought a gun with him which he intended to use to scare the victim into returning the money. Respondent entered the residence and found the victim laying on his bed intoxicated.[1] Respondent fired one shot into the wall in order to scare the victim. The victim then raised up and grabbed the gun, the gun went off, and the victim was killed.

Respondent pled guilty to voluntary manslaughter and was sentenced to imprisonment for twenty-eight years. Respondent did not appeal his guilty plea or sentence. Subsequently, respondent filed an application for PCR. At the PCR hearing, respondent asserted that his trial counsel was ineffective in failing to discuss with him the defense of accident. The PCR judge agreed and issued an order granting respondent's application for PCR, vacating his sentence, and remanding the case for a new trial. We granted the State's petition for writ of certiorari.

## II. DISCUSSION

The State contends that the PCR judge erred when it found that respondent received ineffective assistance of counsel because counsel failed to advise respondent of the defense of accident. We agree.

A homicide is not excusable on the ground of accident unless it appears that the defendant was acting *lawfully*. *State v. McCaskill*, 300 S.C. 256, 387 S.E. (2d) 268 (1990); *State v. Brown*, 205 S.C. 514, 32 S.E. (2d) 825 (1945). Respondent's conduct in entering the victim's residence armed with a weapon he intended to use to scare the victim, and in firing a shot near the victim, was certainly not lawful. Accordingly, there is no evidence to support the PCR judge's finding that counsel was ineffective for failing to con-

---

[1] The autopsy revealed that the victim had a blood alcohol level of .33.

sider the defense of accident and to discuss it with respondent. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989) (a PCR judge's findings will not be upheld if there is no probative evidence to support them). The order of the PCR judge granting respondent postconviction relief is

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.