23780

Vincent THORNES, Petitioner v. STATE of South Carolina, Respondent.

(426 S.E. ( (2d) 764)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, South Carolina Office of Appellate Defense*, Columbia, *for petitioner*.

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Lisa G. Jefferson*, Columbia, *for respondent*.

Submitted Sept. 22, 1992.

Decided Jan. 11, 1993.

TOAL, Justice:

This writ of certiorari arises from a denial, after a PCR hearing, of the Petitioner's application for postconviction relief, stemming from Petitioner's plea of *nolo contendere* to assault and battery of a high and aggravated nature and second-degree burglary. After consideration of the record and the applicable law, we affirm.

## FACTS

The Petitioner, Thornes, was arrested and charged under an indictment with first-degree burglary, assault and battery of a high and aggravated nature, and kidnapping. In September 1989, Thornes, along with his attorney, appeared before Judge Robert L. McFadden and pleaded *nolo contendere* to the charges of second-degree burglary, and assault and battery of a high and aggravated nature. The charge of kidnapping was *nolle prossed* as a result of plea negotiations. The Judge sentenced Thornes to ten (10) years for the assault and battery of a high and aggravated nature, and fifteen (15) years for the burglary; neither the sentence nor the plea was ever directly appealed.

On September 19, 1990, Thornes filed an application for PCR, alleging ineffective assistance of counsel. Thornes' basis for the PCR application was that his attorney failed to interview the victim, the state's chief witness, before advising him to plead *nolo contendere.*

Thornes asserts that if the case had gone to trial rather than to the original plea proceeding, the victim's testimony could have changed the outcome, or at least changed his decision to plead to the charges. He relies on the victim's post-conviction statement, that some of his actions inside her home were consistent with someone being pursued and in fear for his life. Judge Rushing, after holding a PCR hearing where the victim's testimony was heard, denied Thornes any relief in an order dated March 8, 1991. It is from this denial that Thornes appeals.

## Law/Analysis

The only issue raised by this appeal is whether Petitioner met his burden of proof in establishing that his counsel was ineffective for not interviewing the victim. Petitioner must present evidence that counsel was ineffective and that the ineffectiveness prejudiced the outcome of the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Cobbs v. State,* 305 S.C. 299, 408 S.E. (2d) 223 (1991). Where the petitioner pleads guilty or *nolo contendere* to the original charges, then he must demonstrate that but for the ineffectiveness of his counsel, he would have requested a trial rather than entering a plea. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. (2d) 203 (1985); *Jordan v. State,* 297 S.C. 52, 374 S.E. (2d) 683 (1988).

The law is equally clear on the standard of appellate review. The court in *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989), reaffirmed a large body of case law which confines appellate review to the issue of whether there is, " 'any evidence' of probative value . . . sufficient to uphold the PCR judge's findings." *Id.* at 119, 386 S.E. (2d) at 626; see *Webb v. State,* 281 S.C. 237, 314 S.E. (2d) 839 (1984); *Daniel v. State,* 282 S.C. 155, 317 S.E. (2d) 746 (1984); *Griffin v. Warden,* 277 S.C. 288, 286 S.E. (2d) 145 (1982), *cert. denied,* 459 U.S. 942, 103 S.Ct. 255, 74 L.Ed. (2d) 199 (1982).

Against this legal framework, the dispositive issues are: whether Thornes met his burden of proof in establishing ineffective assistance of counsel, and whether any evidence of probative value was presented which could support the PCR judge's findings.

At the PCR hearing, Thornes presented his own testimony and the testimony of the victim. This evidence was offered to demonstrate that the victim's testimony was sufficient to sway the outcome of a trial or Thornes' decision to plead *nolo contendere*. Thornes contends that his attorney did not interview the victim prior to Thornes' plea, and as a result, failed to have a realistic appraisal of Thornes' chances at trial.

Thornes relies on the victim's reluctance to be a witness, and the statements she made subsequent to the original plea. These statements, although somewhat favorable to petitioner, were made years after the original incident. Thornes also points out that the victim's act of testifying at the PCR hearing at his behest holds some special significance. Although unusual, it hardly demonstrates that at the time of the original case the victim would have an identical reaction. At best, it establishes that some time after the conviction, the victim decided to change her mind.

The victim impact statement filed with the court, prior to the entry of the plea, stated the extent of injuries the victim sustained and recounted the circumstances surrounding the incident. This same victim impact statement was prepared quoting information from the victim's questionnaire. The questionnaire was filled out in the victim's own handwriting at her home, and stated that a:

> man forced his way into my home; he forced his stay against my will; he insisted someone was after him & told me to call police. When police arrived he held me outside my home with BB gun; grabbed my neck & pushed me back in my house; he was arrested shortly thereafter.

The victim went on to indicate that she wished to be notified of any post-sentence hearings and if the petitioner escaped from prison. These statements could be reasonably interpreted as conveying her feelings at the time the attorney would have interviewed her.

This Court has never required an attorney to anticipate or

discover changes in the law, or facts which did not exist, at the time of the trial. *See Kirkpatrick v. State,* — S.C. —, 412 S.E. (2d) 389 (1991) (not ineffective assistance to fail to anticipate or discover co-defendant's attorney's erroneous advice); *Arnette v. State,* — S.C. —, 413 S.E. (2d) 803 (1992) (not ineffective to fail to advise of a defense, where there was no evidence to support the defense at trial); *Robinson v. State,* — S.C. —, 417 S.E. (2d) 88 (1992) (not ineffective in failing to use a defense that would not receive acceptance for several years after the trial).

The relevant time frame for analysis is when the alleged ineffectiveness occurred, not several years later when a witness modifies her original statements. Thornes offers no proof that the attorney would have received any other response at the time of the original proceeding, and even if he had, that it would have changed Thornes' decision to plead to the charges.

The State presented testimony from Thornes' attorney which showed the level of attention Thornes received. The court found that after a thorough investigation of the facts, the attorney met with the petitioner and discussed all of the pending charges, the extent of the State's case and the penalties which the petitioner faced. The court noted that counsel entered into plea negotiations and was successful in having the State agree to dismiss or reduce the charges in exchange for petitioner's *nolo contendere* plea. The PCR judge found, and we agree, that counsel related to Thornes all of his options based on the evidence available at the time.

At first blush, this case appears indistinguishable from *Martinez v. State,* 304 S.C. 39, 403 S.E. (2d) 113 (1991). A deeper inquiry into the facts reveals a much different story. In *Martinez,* a defense witness was not subpoenaed to testify at trial. There the Court held that the attorney had reason to know the potential benefits to his client based on interviews and the establishment of an alibi defense. Here the attorney is faced with a witness for the State, who already made a statement which was not in support of the defendant's case. The attorney, in the case at bar, unless clairvoyant, could not have reasonably known that any benefit would accrue to his client.

Thornes fails in his burden of proof under a *Strickland v. Washington* analysis. The testimony and evidence in the record provide ample evidence of probative value which sup-

port the findings of the PCR judge. Therefore, following the scope of review, mandated by *Cherry v. State*, the PCR court's decision is AFFIRMED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.