24107

Daron Eugene GILMORE, Respondent
v. STATE of South Carolina, Petitioner.

(445 S.E. (2d) 454)

Supreme Court

*T. Travis Medlock, Atty. Gen., James Patrick Hudson, Chief Deputy Atty. Gen., Delbert H. Singleton, Jr., Asst. Atty. Gen.,* Columbia, *for petitioner.*

*Joseph L. Savitz, III, Deputy Chief Atty.,* of *SC Office of Appellate Defense,* Columbia, *for respondent.*

Submitted April 20, 1994.

Decided June 20, 1994; Reh. Den. July 18, 1994.

TOAL, Justice:

The State petitioned for writ of certiorari to have us review the granting of a new trial by the postconviction relief court. We granted certiorari and now reverse.

## FACTS

The respondent, Gilmore, was indicted in July 1989 for possession with intent to distribute cocaine, possession with intent to distribute crack cocaine, and conspiracy to distribute cocaine and crack cocaine. On July 17, 1989, respondent was convicted on all three charges and sentenced to serve consecutive terms of fifteen years, twenty years, and seven years respectively. Respondent did not appeal his convictions or sentences.

Respondent filed an application for postconviction relief dated June 20, 1991, and an evidentiary hearing was held on December 17, 1992. Subsequently, the PCR court issued an order dated February 23, 1993, granting the respondent a new trial based on trial counsel's failure to request a jury instruction pursuant to *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930). Following the PCR court's order, the State filed a petition for writ of certiorari which we granted November 4, 1993.

## ISSUE

The sole issue on appeal is whether the postconviction relief court erred in concluding that counsel was ineffective for failing to request a *State v. King* charge.

## LAW/ANALYSIS

In a postconviction relief action, the burden of proof as to the allegations contained in the application lies with the respondent. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985). Allegations of ineffective assistance of counsel must be supported by proof that the respondent's counsel was deficient in his performance and that this deficiency resulted in prejudice to the applicant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Butler, supra.*

Here, the sole question is whether respondent's counsel was ineffective for failing to request a jury instruction which re-

quired the jury to resolve any reasonable doubt as to whether the respondent was guilty of a greater or lesser offense in favor of the lesser offense. *King, supra.* The trial court instructed the jury on possession with intent to distribute cocaine and crack cocaine and the lesser offenses of simple possession; however, trial counsel did not request the *King* instruction.

The State contends that counsel was not ineffective in failing to request a *King* charge because the evidence did not support such a charge. We agree. The evidence presented at trial established that the amount of drugs found at the time of the arrest was in excess of that required to establish the statutory inference of intent to distribute. Further, respondent's defense was founded on the argument that he never actually possessed any of the drugs and that the drugs belonged to someone else. *See State v. Cude,* 265 S.C. 313, 218 S.E. (2d) 240 (1975).

The record at trial does not support an instruction on the lesser-included offense of simple possession. Moreover, respondent cannot show prejudice from counsel's failure to request a *King* charge since the charge on a lesser-included offense was not warranted by the evidence or respondent's theory of the case.

Another consideration is the genesis of the law at the time of trial. This Court's 1930 decision in *State v. King, supra,* based the *"King"* charge on the following reasoning:

> [i]t is plain that the rule of reasonable doubt requires that a defendant charged with murder, be extended the benefit of that doubt, when it is questionable that the crime committed by him was *murder or manslaughter.*

*Id.* 158 S.C. at 574, 155 S.E. (2d) at 416. [Emphasis added.]

This language makes it readily apparent that the *King* charge stemmed from the 1930 legal definition of "reasonable doubt."[1] It is also quite clear that the *King* charge was limited in scope to the crime of murder and the lesser-included of-

---

[1] The legal definition of "reasonable doubt" has gone through significant modification and revision since 1930, and an argument could now be made that the *King* charge is unnecessary and archaic. *See Victor v. Nebraska,* — U.S. —, 114 S.Ct. 1239, 127 L.Ed. (2d) 583 (1994).

fenses of murder. Case law continued to apply the *King* charge exclusively to murder and the related lesser-included offenses until the Court of Appeals' decision in *State v. Clifton*, 302 S.C. 431, 396 S.E. (2d) 831 (Ct. App. 1990).[2]

In *Clifton, supra*, the Court of Appeals extended the application of the *King* charge to the drug-related offenses of possession with intent to distribute and simple possession.[3] Prior to this decision, the requirement to request or give the *King* charge in drug offenses did not exist. On the present facts, respondent was tried and convicted on July 17, 1989; therefore, respondent's conviction occurred over a year prior to the Court of Appeals' decision in *Clifton, supra*.

We have never required an attorney to be clairvoyant or anticipate changes in the law which were not in existence at the time of trial. *Thornes v. State*, — S.C. —, 426 S.E. (2d) 764 (1993); *see also Robinson v. State*, 308 S.C. 74, 417 S.E. (2d) 88 (1992); *Arnette v. State*, 306 S.C. 556, 413 S.E. (2d) 803 (1992); *Kirkpatrick v. State*, 306 S.C. 359, 412 S.E. (2d) 389 (1991).

When respondent was tried for his drug offenses, the law only required the *King* charge where murder and a lesser-included offense of murder were presented by the evidence raised at trial. Trial counsel, therefore, could not be ineffective for failing to request a jury instruction which would not be applicable to the offenses charged for at least another year.

Accordingly, for the reasons stated, the decision of the postconviction relief court is REVERSED.

HARWELL, C.J., CHANDLER and MOORE, JJ., concur.

FINNEY, A.J., dissenting in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. The postconviction relief judge found respondent received ineffective assistance from his trial counsel. Our scope of review is limited to whether there is any evidence of probative value in the record to support this finding.

---

[2] The Court of Appeals heard arguments in *State v. Clifton* on June 7, 1990, and issued the court's decision on August 27, 1990.

[3] In *State v. Davis*, — S.C. —, 422 S.E. (2d) 133 (1992), we appear in dicta to extend the *King* charge to criminal sexual conduct offenses; however, this was done in the context of a death penalty case where criminal sexual conduct was an aggravating circumstance to the crime of murder.

*Solomon v. State,* — S.C. —, 443 S.E. (2d) 540 (S.C. Sup. Ct. 1994). Finding such evidence, I would affirm.

Respondent's jury was charged on both possession with intent to distribute drugs and the lesser offenses of simple possession. The PCR judge found trial counsel ineffective for failing to request a charge that any doubt whether respondent was guilty of the greater or the lesser offense should be resolved in favor of the lesser, a charge commonly referred to as a *"King* charge." *See State v. King,* 158 S.C. 251, 155 S.E. 409 (1930). The majority would reverse, holding respondent was not entitled to the charges on the lesser offenses, and further, that since *King* had not been extended to crimes other than homicide at the time of respondent's trial, counsel was not ineffective for failing to request a charge. I disagree with both holdings.

First, it is simply inaccurate to maintain that the *King* principal was limited to homicide cases before 1990. *See, e.g., State v. Anderson,* 230 S.C. 191, 95 S.E. (2d) 164 (1956) (principal applicable in a possession of illegal liquor case); *State v. Starnes,* 213 S.C. 304, 49 S.E. (2d) 209 (1948) (principal applicable to issue whether defendant proved an affirmative defense); *State v. Tedder,* 83 S.C. 437, 65 S.E. 449 (1909) (jury instructed to resolve any disputed fact in favor of defendant). Further, a reading of *State v. King* itself shows that the principal involved is not one related to the crime charged but rather to the concept of reasonable doubt itself. Counsel's performance in failing to request a *King* charge was unreasonable.

The more difficult question is whether respondent was prejudiced by counsel's failure to request a *King* charge. The majority holds respondent was not entitled to the charge because he possessed sufficient quantities of drugs to trigger the statutory *inference* of possession with intent to distribute. This type of reasoning is erroneous in that it converts a permissible inference into an impermissible presumption. *See, e.g., State v. Neva,* 300 S.C. 450, 388 S.E. (2d) 791 (1990) ("evidentiary presumptions must be charged as permissive inferences with specific instructions that the jury may accept or reject them"). The majority also errs in holding respondent was not entitled to the lesser charges because he denied committing the crime. In determining whether a lesser offense

should be charged, the trial judge is concerned only with whether there is evidence in the record from which the jury could find the defendant committed the lesser offense. *Casey v. State*, 305 S.C. 445, 409 S.E. (2d) 391 (1991). This test does not require the defendant admit the lesser charge in order for the jury to consider it. *Cf.*, *Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed. (2d) 54 (1988) (even if defendant denies one or more elements of the crime, he is entitled to a charge on the defense of entrapment if warranted by other evidence); *State v. Key*, 282 S.C. 413, 319 S.E. (2d) 338 (1984) (reversible error to charge defendant must personally rebut or explain possession of more than statutory intent to distribute amount in order to be acquitted of possession with intent to distribute). While the evidence of the lessor offenses here is admittedly slim, our scope of review is limited to "any evidence." Both the trial judge in determining to give the charges, and the PCR judge in finding prejudice from the failure to charge the *King* principle, found the existence of evidence entitling respondent to the lesser charges. My review of the record convinces me there is evidence to support these decisions, and therefore I would affirm the grant of postconviction relief to respondent.