**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Holly Jo Thompson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2021-000846

———————

Appeal from Richland County
Brian M. Gibbons, Post-Conviction Relief Judge

———————

Unpublished Opinion No. 2025-UP-017
Heard December 3, 2024 – Filed January 23, 2025

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Brian Hollis Gibbs, of Columbia, for Respondent.

———————

**PER CURIAM:** In this post-conviction relief (PCR) action, Petitioner Holly Jo Thompson assigns error to the PCR court's dismissal of her PCR application, wherein she alleged ineffective assistance of counsel because trial counsel failed to

pursue a pretrial immunity hearing under the Protection of Persons and Property Act (the Act).[1] We affirm.

In March 2016, Thompson was convicted of the murder of James Solomon and sentenced to forty-five years' imprisonment. Thompson alleged her actions were in self-defense because she hit Solomon with a vase after he attacked her with a knife and threatened to kill her. At the trial, Thompson was represented by Alicia Goode, Robert Bank, and J. Rhodes Bailey. This court upheld Thompson's conviction and sentence on direct appeal. *See State v. Thompson*, Op. No. 2018-UP-258 (S.C. Ct. App. filed June 13, 2018).

Thompson filed the underlying PCR application, alleging, in relevant part, that trial counsel were ineffective for failing to seek a pretrial immunity hearing pursuant to the Act. The PCR court held an evidentiary hearing during which Thompson testified that trial counsel never spoke with her about seeking immunity. Counsel Bank testified as follows:

> [PCR Counsel]: Okay. Did you and Ms. Thompson or you and the other attorneys and Ms. Thompson ever discuss potentially seeking immunity under the Protection[] of Persons and Property Act?
>
> [Counsel Bank]: I don't recall having [a] specific discussion with Ms. Thompson about that. I reviewed my notes before I came in today, and I didn't see anything in my notes about that either.
>
> [PCR Counsel]: Okay. Did you do any research or look into whether it would have been appropriate to ask for that in this case?
>
> [Counsel Bank]: I don't remember anything specifically other than just my general knowledge of the . . . statute in South Carolina. My first concern would probably be whether it was a place that she had [a] right to be, but I think it would have been. This was a place that she was invited into not only this night but regularly. So I think it's definitely something that could have been explored.

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

On cross-examination, when asked why he did not pursue immunity under the Act, Counsel Bank testified he could not "specifically remember anything regarding her case other than kind of typical pros and cons you do in any case" and did not "remember anything specific in this case in terms of why [they] didn't do that." Counsel Bailey testified that he did not recall any conversations about seeking immunity.

The PCR court found trial counsel were not deficient for failing to seek immunity under the Act because counsel articulated a valid strategy of "focusing the defense efforts on pursuing a theory of self-defense." The PCR court characterized Counsel Bank's testimony as acknowledging his awareness of the Act but explaining that he did not pursue it through "a pro/con process performed in any case" and that he considered whether Thompson was in a place where she had a right to be, among other factors. Further, the PCR court found trial counsel believed that Thompson's version of events best supported a self-defense theory. The PCR court did not make any specific findings as to prejudice. This appeal followed.

To establish an ineffective assistance of counsel claim, a PCR applicant must show "(1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). Deficiency "is measured by an objective standard of reasonableness." *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "Where . . . counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel." *Stokes v. State*, 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992). A PCR applicant must establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. "In determining whether [a PCR] applicant has proven prejudice, the PCR court should consider the specific impact counsel's error had on the outcome of the trial." *Smalls v. State*, 422 S.C. 174, 188, 810 S.E.2d 836, 843 (2018).

Traditionally, a defendant asserting self-defense is required to show the following elements:

(1) The defendant was without fault in bringing on the difficulty;

(2) The defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger;

(3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and

(4) The defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

*State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) (omissions in original) (quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998)). However, when the Act applies, "it replaces the duty to retreat element required to establish self-defense." *State v. Glenn*, 429 S.C. 108, 119, 838 S.E.2d 491, 497 (2019).

Subsection (C) of section 16-11-440 of the South Carolina Code provides,

A person *who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be*, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code (Supp. 2023)].

(emphasis added).

We hold trial counsel's performance was not deficient because at the time of the trial, and even now, an open question remains as to whether a person can invoke immunity under the Act when the person was a social guest and used force against

an attacker in the attacker's home.[2]  Trial counsel cannot be deficient for failing to pursue a course of action that would require expanding existing precedent and testing unproven theories of law.  *See  Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *Robinson v. State*, 308 S.C. 74, 78, 417 S.E.2d 88, 91 (1992) (holding that trial counsel was not ineffective for failing to request a charge on battered woman's syndrome when the theory was not well known at the time and had not been recognized by our supreme court as relevant to a claim of self-defense); *Gilmore v. State*, 314 S.C. 453, 457, 445 S.E.2d 454, 456 (1994) ("We have never required an attorney to be clairvoyant or anticipate changes in the law which were not in existence at the time of trial."), *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 351 n.4, 520 S.E.2d 614, 615 n.4 (1999); *Arnette v. State*, 306 S.C. 556, 557–58, 413 S.E.2d 803, 804 (1992) (holding trial counsel provided effective assistance although he failed to consider the defense of accident because there was no evidence that the defense could be applied to the applicant); *State v. Moussa*, 53 A.3d 630, 637 (N.H. 2012) ("An attorney is not obligated to pursue weak options when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial." (quoting *United States v. Woodard*, 291 F.3d 95, 108 (1st Cir. 2002))); *Esprit v. State*, 826 S.E.2d 7, 15 (Ga. 2019) ("A criminal defense attorney does not perform deficiently when he fails to advance a legal theory that would require 'an extension of existing precedents and the adoption of an unproven theory of law.'" (quoting *Williams v. State*, 818 S.E.2d 653 (Ga. 2018))).

We need not reach prejudice because we hold that trial counsel's performance was not deficient.  *See Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 (holding that in order to establish an ineffective assistance of counsel claim, a PCR applicant must show counsel's performance was deficient and that deficiency prejudiced the applicant's case); *Strickland*, 466 U.S. at 694 (stating that a PCR applicant establishes prejudice by showing "there is a reasonable probability that, *but for counsel's unprofessional errors*, the result of the proceeding would have been different" (emphasis added)).

Accordingly, the PCR court's dismissal of Thompson's PCR application is

**AFFIRMED.**

---

[2] At oral argument, both parties conceded there are no cases supporting the application of the Act to a social guest who uses force against a homeowner in the homeowner's home.

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**