**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ricky New, Appellant.

Appellate Case No. 2011-196489

———————————

Appeal From Aiken County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-315
Submitted March 1, 2013 – Filed July 10, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Ricky New appeals his convictions of armed robbery and assault and battery, arguing the trial court erred in admitting DNA evidence obtained in violation of the United States and South Carolina Constitutions. New argues

police obtained DNA samples from him in violation of the Fourth Amendment because the samples were taken after New was arrested and he did not receive a *Schmerber*[1] hearing to determine if probable cause existed to justify the bodily intrusion. New further argues no probable cause to take the samples existed because at the time, police had not established a DNA profile from the crime scene to compare with his DNA. Finally, New argues the admission of the DNA evidence was not harmless because the only other evidence against him was eyewitness testimony and the recovery of a small amount of money he allegedly stole.

Although the trial court erred in finding there was a "clear indication that relevant evidence [would] be found" at the time New's DNA samples were taken,[2] we affirm because we find admission of the DNA evidence was harmless error. *See State v. Baccus*, 367 S.C. 41, 55-56, 625 S.E.2d 216, 223-24 (2006) (holding the admission of blood evidence obtained through a court order lacking probable cause was harmless when other evidence showed the defendant's blood and fingerprints were found inside the victim's home and a witness heard the defendant tell the victim he was going to kill her and then heard "a pop and clicking sound"). Here, the jury was presented with the testimony of two victims who recognized New

---

[1] *Schmerber v. California*, 384 U.S. 757, 770-72 (1966) (holding a search warrant is required to justify minor intrusions into an individual's body absent exigent circumstances).

[2] *See State v. Baccus*, 367 S.C. 41, 53-54, 625 S.E.2d 216, 222-23 (2006) (stating to determine probable cause exists to obtain nontestimonial identification evidence the State must show there is "(1) probable cause to believe the suspect has committed the crime, (2) a clear indication that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable" (quoting *In re Snyder*, 308 S.C. 192, 195, 417 S.E.2d 572, 574 (1992))); *State v. Jenkins*, 398 S.C. 215, 224, 727 S.E.2d 761, 766 (Ct. App. 2012) ("[T]o show that a suspect's DNA is relevant under the second element of *Baccus,* the State must show there is other DNA evidence in the case to which it can be compared, or in some other manner clearly indicate the relevance of the DNA sought."); *id.* at 225, 727 S.E.2d at 766 (finding an affidavit contained no indication police had other DNA evidence to compare to appellant's DNA). Here, the investigator that obtained the warrant for the DNA test did not specify to the trial court the facts he presented to the magistrate to show how New's DNA would lead to relevant evidence, and he did not indicate he had a DNA profile from the crime scene to compare with New's DNA.

despite his disguise and described his clothing to police, a surveillance video of the robbery, and a recording of a 911 call in which one of the victims identified New as the robber. Further, the jury heard testimony from an investigator who opined the white towel and glove on New's lawnmower matched the glove and white cloth found at the crime scene. Finally, the DNA test on the towel was inconclusive, and only the gloves were shown definitively to have New's DNA on them. Therefore, even without the DNA evidence, there was competent evidence to conclusively prove New's guilt. *See id.* at 55, 625 S.E.2d at 223 (2006) ("When guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached, this Court will not set aside a conviction for insubstantial errors not affecting the result."); *Taylor v. State*, 312 S.C. 179, 181, 439 S.E.2d 820, 821 (1993) ("For the error to be harmless, we must determine 'beyond a reasonable doubt the error complained of did not contribute to the verdict obtained.'" (quoting *Chapman v. California*, 386 U.S. 18 (1967))).

**AFFIRMED.**[3]

**FEW, CJ., and GEATHERS and LOCKEMY, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.